## The State v. Lewis.

1. **Criminal Law:** SEDUCTION: FORCE. Where, upon the trial of one indicted for seduction, the prosecuting witness testified that the defendant overpowered her, the court should have instructed the jury that, if the defendant accomplished his purpose by force, he was entitled to an acquittal.

*Appeal from Howard District Court.*

MONDAY, JUNE 10.

THE defendant was indicted, tried, convicted and sentenced

The State v. Lewis.

'for the crime of seduction, and appeals to this court for a reversal of the judgment against him.

*H. T. Reed,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ROTHROCK, CH. J.—I. The complaining witness testified that the defendant had sexual intercourse with her on two occasions—once on the night of the 7th of October, 1875, and again in two weeks after that time. She stated that on both occasions she resisted the defendant all she could and he overpowered her.

1. CRIMINAL law: seduction: force.

The defendant asked the court to instruct the jury as follows: "If the intercourse was against the will of complainant, and accomplished by force, then the offense charged is not established and you must acquit." This instruction was refused. We think it should have been given. If the intercourse was accomplished by force, and against the will of the prosecutrix, the crime was rape, and not seduction. It is true the witness in other parts of her testimony stated that she let defendant have connection with her because he teased her, and she loved him, and they were engaged. But her last utterance while on the witness stand, upon this subject, was that she resisted all she could and was overpowered. When the witness made two statements as to the manner of the criminal connection so utterly at variance, it was the right of the defendant to have the jury instructed upon the effect of that statement which was favorable to him. We find nothing in the instructions given by the court which covers this point. It is true the jury were instructed as to the necessary evidence to constitute seduction, but, we think, as there was evidence which showed that the act was not seduction, but rape, the instruction asked should have been given.

II. It is claimed that the defendant was tried without having been arraigned and without pleading to the indictment,

and that for these reasons a motion which was made in arrest of judgment should have been sustained.

We need not determine this question, because, before a re-trial in the court below, an arraignment may be had and a plea interposed. Other questions are made, including the insufficiency of the evidence corroborative of the prosecutrix, which we need not determine, because, upon a re-trial, there may not be the same subject of complaint.

REVERSED.