[No. 1085.  Decided February 21, 1894.]

THE STATE OF WASHINGTON, *Respondent*, v. G. E. CARTER, *Appellant*.

SEDUCTION — WHAT CONSTITUTES — IMPEACHMENT OF WITNESS — MISCONDUCT OF WITNESS — BRIEFS — REFERENCES TO RECORD.

Where the inducements for sexual intercourse held out by a man to a girl of twelve years of age consisted in kissing and fondling her and feeling of her person, and in representations to her that it was not wrong to have sexual intercourse, and that he would not hurt her, these representations being made and this conduct occurring upon a number of occasions when he attempted to have intercourse with her without accomplishing penetration, and also thereafter when he succeeded, they are sufficient, in view of the girl's tender age, to constitute the offense of seduction.

Where the prosecution, in order to avoid a continuance on account of the absence of a material witness of the accused, has admitted that the testimony set forth in the affidavit for continuance would be given by such witness, if present, the state cannot subsequently undertake to impeach said witness by introducing another witness to testify that the absent witness had made different statements to him.

Where the prosecuting witness in a seduction case takes her child to the witness stand, and it appears that this was done by di-

rection of the prosecuting attorney solely for the purpose of exhibiting the child to the jury and of exciting prejudice against the defendant, such action is sufficient to entitle defendant to a new trial.

Where many of the points argued in appellant's brief purport to be based upon parts of the record, without indicating the pages thereof, the court will not hear the appeal until after an amendment of the brief upon terms imposed.

*Appeal from Superior Court, Lincoln County.*

*Thomas C. Griffitts,* and *Blevins & Neal,* for appellant.

*J. W. Merritt,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

SCOTT, J.— The defendant was convicted of seduction, and has appealed.

It is contended that the proof was insufficient to show any seduction, in that there was no evidence of any promise, or seductive influences, on the part of the defendant, and that the verdict was contrary to the weight of the evidence.

There was testimony to show a number of attempts by the defendant to have sexual intercourse with the prosecuting witness, beginning when she was but twelve years of age. Such attempts were carried to the extent of a contact of the sexual organs, but it appears by the testimony of the complaining witness that there was no actual penetration until after several such attempts had been made. . She was unable to name the first time when the defendant did have complete sexual intercourse with her, but her testimony, if true, shows that he did have intercourse with her a great many times, extending over a period of two years, or more. Her testimony was unsatisfactory in many respects, as it appears by the record, but its truthfulness was a matter for the jury to determine. She was but fifteen years old at the time of the trial, and

18—8 WASH.

had recently given birth to a child.    She was corroborated
to some extent by other witnesses.    The defendant was a
married man, twenty-five years of age.    He denied having
had any sexual intercourse with the complainant, or of hav-
ing attempted to have any.    As to the inducements held
out, the testimony was meager.    There was testimony that
he told her that he would not hurt her, and would not do
her any harm, that it was not wrong to have sexual inter-
course, and told her not to tell any one; that he kissed and
fondled her and felt of her person.    According to the com-
plainant's testimony, these representations were made, and
this conduct occurred, upon a number of occasions when
he attempted to have intercourse with her, and also there-
after when he succeeded.

We would not feel justified, under all the circumstances
proven, in interfering with the conviction upon the ground
of the improbability of the truthfulness of her testimony,
and we think the inducements held out, considering her
tender age, were sufficient to constitute the offense seduc-
tion.

In considering this case, we cannot allow the condition
of appellant's briefs and the record to pass unnoticed.    A
multitude of questions are argued which seem to have no
foundation in the record, and for that reason some which may
arise on a new trial, and which would otherwise be noticed,
must be passed.    Many of such points purport to be based
upon parts of the record the pages whereof are not indi-
cated in his brief, thus necessitating searches through the
entire transcript by the court, and often resulting in a fail-
ure to find any such.    Had this been fully understood by
the court before the argument, the case would not have
been heard, and severe terms would most likely have been
imposed upon counsel before an amendment thereof would
have been permitted to get the case in a condition to be
heard.

One of the points urged by appellant as error has its foundation in a motion which he made for a continuance of the trial upon the ground of the absence of a material witness.   It is contended by appellant that the prosecuting attorney, to avoid a continuance, admitted that certain testimony set forth in the affidavit would be given by such witness if present, and that the court allowed certain parts of it to be considered as given.   After a diligent search we have failed to find any such admission or action by the court set forth in the record.   However, counsel for the respondent in his brief practically admits that such action was had in the premises, and this view is strengthened by the fact that testimony was introduced by the state to impeach the witness in question, which would, of course, have been entirely irrelevant and inadmissible if the testimony of such witness was not considered in the case.   In view of this, and of the fact that it is a criminal case, and that upon the oral argument the case was treated as though such testimony had been given, we shall consider it as of record.

The witness referred to was one Mrs. Franz, and it appears by the affidavit in question that she would testify that the prosecuting witness told her after the seduction complained of, in substance, that she had had sexual intercourse with a number of men running through a period of years, and undertook to name all of the men with whom she had been so intimate, and that the defendant was not one of them.   At the close of the case both for the state and the defendant, the court allowed the prosecuting attorney to call one Dr. Whitney, and allowed him to testify that he had a conversation with Mrs. Franz the Sunday before, during which she told him that she had never talked with the prosecutrix about the case, etc.   This evidence was offered for the purpose of impeaching the credibility of Mrs. Franz, and would have been inadmissible for any other purpose.

We are of the opinion that this was error.   While the

state, under our statute, § 338 of the Code of Procedure, relating to continuances, would probably have been permitted to contradict the truthfulness of the testimony which it had admitted would be given by an absent witness in order to avoid a continuance of the trial, yet, in our opinion, it would not be authorized to undertake to impeach said witness, at least under the circumstances of this case, and in the way in which she was sought to be impeached. It is not contended that there was anything in the agreement admitting that this witness would so testify, or in the action of the court in admitting the testimony, to the effect that such impeaching testimony might be given, or that the attention of counsel for the defendant was in any wise called to the fact that an impeachment of her would be attempted. Had Mrs. Franz been present, and have given this testimony, it would have been necessary to have laid a foundation for this attempted impeachment by asking her with reference to such conversation with Dr. Whitney, etc., before the state would have been allowed to introduce it.

It is further contended that there was error in the following: It appears that near the conclusion of the case on rebuttal the prosecuting witness was recalled for the purpose of being examined as to some unimportant matter, and she took her child with her upon the stand. While there, upon objection being made to her having the child with her, she testified that she had been directed by one of the state's attorneys to so take the child, and it appears that this was done solely for the purpose of exhibiting the child to the jury and of exciting prejudice against the defendant, and we are of the opinion that such action was sufficient to entitle the defendant to a new trial.

Reversed.

ANDERS, J., concurs.

HOYT, J., dissents.

DUNBAR, C. J. (*concurring*).—I concur in the result for the reason stated by me in the case of *Whitcher v. State*, 2 Wash. 286 (26 Pac. 268), viz., that a girl under the age of sixteen years cannot be a subject of seduction, not being of a consenting age, and, therefore, if there was any crime committed it was rape. I also concur in the last point decided by Judge SCOTT, as I am opposed to any theatrical manifestations in the trial of a cause, especially in the trial of a criminal action.

STILES, J. (*concurring*).—I concur upon the ground stated by DUNBAR, C. J., and because the case developed was that of rape, in fact, aside from the statute in regard to the age of consent, rather than one of seduction. *State v. Lewis*, 48 Iowa, 578; *Croghan v. State*, 22 Wis. 424; *People v. Royal*, 53 Cal. 62.

There was also error because the state was not put to its election as to which act of alleged intercourse it would rest the prosecution upon. The court allowed the proof to range over numerous such acts extending through a period of several years, thus leaving it entirely the subject of conjecture as to what particular act any given juryman may have selected as that upon which he based a conviction, in a case where it needs no argument to show that the alleged crime, if committed at all, was committed upon a definite and ascertainable day. *People v. Jenness*, 5 Mich. 305; *People v. Clark*, 33 Mich. 112.

I also disagree with that part of the decision which finds any corroboration of the prosecutrix. Her statement as to the material facts stood absolutely contradicted by that of the defendant, and unless the jury took into consideration the fact that she had a child, and argued therefrom that the defendant must have been its father, and therefore must have seduced the mother, I am unable to see how the verdict could have been arrived at. But the prosecutrix did

not pretend that defendant was her child's father, and testified to no act of intercourse with him nearer than sixteen months to the child's birth, which made the introduction of the evidence concerning the child, and especially its production to the view of the jury, grossly incompetent.