## Berry v. Commonwealth.

(Decided September 20, 1912.)

### Appeal from Ballard Circuit Court.

1. Seduction—Whether Prosecutrix Knew Defendant was a Married Man—Evidence.—In a prosecution for seduction the proof showing defendant was a married man and being conflicting whether the prosecutrix knew this, the defendant is entitled to the benefit of the reasonable doubt on the whole case.

2. Seduction—In Prosecution For, Court Should Define.—In such a prosecution the court should define seduction and a failure to do so is error where this is material.

3. Seduction—What Necessary to Constitute Offense.—To constitute the offense the prosecutrix must be at the time of the intercourse, and must have been for a reasonable time theretofore a woman of chaste conduct. Former unchastity will not defeat the prosecution if for a reasonable time before the act complained of, she had led a virtuous life.

EVANS & FLATT for appellant.

JAMES GARNETT, Attorney General, OVERTON S. HOGAN. Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Jesse Berry was indicted in the Ballard Circuit Court under section 1214, Kentucky Statutes, for the crime of seduction, it being charged in the indictment that under the promise of marriage he seduced and had carnal knowledge of Bessie Brown, a female under twenty-one years of age. Upon the trial of the case, the proof for the Commonwealth showed that he had had carnal knowledge of Bessie Brown, under promise of

marriage, and that she was then under twenty-one years of age. The proof for him showed that he had intercourse with the girl freely and by her consent, without promise of marriage, and that she was a lewd woman. It also showed that he was then a married man and that she knew it. She denied she knew that he was a married man and stated that he told her he had been divorced from his wife. On this state of the evidence the court, in substance, instructed the jury:

First: If they believed beyond a reasonable doubt, the facts to be as set out in the indictment, they should find him guilty as charged.

Second: If they had reasonable doubt of his guilt, they should acquit him.

Third: If they believed from the evidence that at the time, he was a married man and not divorced from his wife, and Bessie Brown knew this, they should find him not guilty.

The jury found him guilty, as charged, and the court having entered judgment upon the verdict, the defendant appeals.

We find no error in the instructions of the court, so far as they go, except that in instruction three, the words, "if they believe from the evidence," should be omitted, as the defendant is entitled to the benefit of the reasonable doubt on the whole case. The instructions should be so framed as to show this. The court erred in not defining to the jury what seduction is. In 2, Roberson's Criminal Law, section 493, the rule is thus stated:

"It is essential that the woman seduced be of chaste character at the time of the intercourse, though it is not so expressed in the statute. * * * * Although a woman may have previously left the path of virtue and become unchaste, yet, if she has repented of that act and reformed, she is then within the protection of the statute and may, again, be seduced." (State v. Carron, 18 Iowa, 372.)

This statement of the law was in effect approved by this court in Com. v. Wright, 16 R., 251, and Smith v. Com., 32 R., 137. As the jury would not know what is necessary to constitute seduction, it is essential that the offense should be defined in the instructions in a case like this. 35 Cyc., 1366; Wilson v. State, 73 Ala., 527; People v. Clark, 33 Mich., 112. In Stowers v.

Singer, 113 Ky., 584, the judgment in a civil action was reversed for the failure of the court to define seduction. The error was prejudicial here because this was the defendant's real defense. In addition to the instructions which the court gave, he should have given the jury the following instruction:

"The defendant is not guilty unless Bessie Brown was at the time complained of, and had been for a reasonable time theretofore, a woman of chaste conduct. Though there had been formerly unchastity on her part, this does not exonerate the defendant, if, for a reasonable time before the acts complained of she had been leading a virtuous life."

The defendant offered to prove, by two witnesses, that they had hugged and kissed Bessie Brown. The court erred in excluding the evidence, as it tended to show that she was not a young woman of chaste conduct, but such evidence should be limited to acts done within a reasonable time before the intercourse which is the subject of the indictment.

Judgment reversed and cause remanded for a new trial.