## Miller v. Commonwealth.

(Decided May 30 1913.)

### Appeal from Casey Circuit Court.

1. Evidence—Criminal Law—Seduction.—Where a man indicted for seduction under section 1214 of the Kentucky Statutes, marries the prosecuting witness and the prosecution is thereby suspended, but is subsequently renewed after he had deserted his wife, she is a competent witness against him by virtue of the terms of the statute which provides that upon his abandonment of his wife the prosecution "shall be renewed and proceed as though no marriage had taken place."

2. Criminal Law—Seduction—Subsequent Marriage.—Where a person charged with seduction under section 1214 of the Kentucky Statutes, marries the prosecuting witness and thereby suspends the prosecution, which is subsequently renewed upon his desertion of his wife, the offense remains as it was in the beginning —the seduction of an infant female under the promise of marriage, and two courses of procedure are open to the Commonwealth. One is to continue the indictment on the docket for three years, or to file it away with leave to re-docket upon notice; the other is to dismiss it, and if within three years after the marriage, cause arises for resuming the prosecution, such as abandonment, to re-indict the defendant.

3. Criminal Law—Indeterminate Sentence Law.—The indeterminate sentence law applies only where the crime charged is committed after said law became effective.

4. Appeal—Striking Briefs From Record.—Where the brief of a party to the appeal is not accompanied by a classification of the questions discussed, with the authorities relied on to sustain

them, as is required by section 3 of Rule 3 of this court, it will be stricken from the record.

C. F. MONTGOMERY for appellant.

JAMES GARNETT, Attorney General and OVERTON S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The indictment charged appellant with having seduced a female under twenty-one years of age. Section 1214 of the Kentucky Statutes, reads as follows:

"Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony and, upon conviction therefor, shall be confined in the penitentiary not less than one year nor more than five years. No prosecution shall be instituted where the person charged shall have married the girl seduced, or offer and be willing to marry her, unless he shall willfully and without such cause as constitutes a statute ground of divorce to the husband, abandon or desert her within three years after the date of the marriage, and any prosecution instituted shall, upon the request of the defendant, be suspended if the party accused marry the girl seduced before final judgment; but the prosecution shall be renewed and proceed as though no marriage had taken place if the accused shall willfully and without such cause as constitutes a statutory ground of divorce to the husband abandon or desert his wife within three years after the marriage. All prosecutions under this section shall be instituted within four years after the commission of the offense."

At the time of the alleged seduction, early in the year 1910, the prosecuting witness, Lillie May Thomas, was about seventeen years of age, and appellant had been paying her attention for two or three years. Their relations continued until about May, 1911, when it became apparent that the prosecuting witness was pregnant; and her father, after learning of her condition, caused a warrant to be issued for appellant. He, however, was not arrested under the warrant; but hearing of it he left the State and did not return until December of that year.

While he was out of the State this indictment was returned, and a child was born to the prosecuting witness. Immediately upon his return in December, 1911, he mar-

ried the prosecuting witness, took her and the child with him, to his mother's home, where they remained until January 29, 1912, at which time the wife left, taking her infant with her, and claiming she was compelled to do so by reason of the bad treatment she had received.

So far as the record shows, the indictment was not filed away by the circuit court after the marriage, but remained on the docket; and upon the separation in January, 1912, the prosecution of the case was renewed.

Upon his trial appellant was found guilty and sentenced to four years imprisonment. He appeals. After the separation there was no amendment of, or change in the indictment, but it continued to be merely an indictment charging appellant with the crime of seduction.

The wife was permitted to testify as to the treatment she received from her husband during their marriage, and it is urgently insisted for appellant that under the provision of section 606 of the Civil Code, which provides that "neither a husband nor his wife shall testify while the marriage exists, or afterwards concerning any communication between them during marriage, nor shall either of them testify against the other," the wife was not a competent witness.

But the provision of section 1214, quoted above, which expressly provides that where the accused in such cases marries the prosecuting witness and willfully abandons her within three years, the prosecution shall be renewed "and proceed as though no marriage had taken place," must be treated as a repeal of section 606 of the Civil Code in so far as it applies to cases of this character.

It was plainly the legislative purpose not only to make the wife a competent witness as to the acts constituting the offense before marriage, but as to all acts of the husband within three years after marriage, which might constitute or be evidence of willful desertion or abandonment. The provisions of the section embracing this feature were enacted in an amendment of 1906, and became necessary by reason of a reprehensible practice which had grown up in this class of cases under the old statute, whereby the accused was offered an easy avenue of escape from the consequences of his conduct by going through the form of a marriage with the prosecuting witness, and immediately abandoning her. Looking to the evil intended to be corrected by the amendment it cannot be doubted that it was intended to repeal section 606 of

the Code in so far as it applied to these cases. There was no other way of reaching the evil.

It is insisted, however, that because there was no allegation in the indictment that appellant had deserted his wife within three years after the marriage, a peremptory instruction to find him not guilty should have been given. This claim is based upon the idea that where there is a renewed prosecution under section 1214 after the marriage and desertion, the prosecution is for a new offense separate and distinct from the original seduction, and must, therefore, be set out in the indictment as required by section 122 of the Criminal Code. This view would require a new indictment. It is, however, based upon a misconception of the statute which merely provides in such cases for the suspension of the prosecution if the accused marries the girl before final judgment, and that ''the prosecution shall be renewed and proceed as though no marriage had taken place,'' upon his desertion of her within three years. This plainly refers to the original indictment and prosecution for seduction, which have been merely suspended by the marriage. In other words, the statute does not make the desertion a separate offense, but evidently intended that the original offense might be taken up and prosecuted to judgment if the desertion occurred, without cause, and within three years.

This statute was upheld throughout in Commonwealth v. McNutt, 133 Ky., 702, where McNutt was indicted for seduction after the marriage and subsequent abandonment.

And, in the later case of Commonwealth v. Tobin, 140 Ky., 265, we pointed out the true nature of the offense to be seduction and not abandonment, saying:

''The offense is yet, as it was in the beginning, the seduction of an infant female under promise of marriage. Allowing the accused to marry her is reparation only in event that he abides with her three years (unless ground for divorce mentioned should arise). The period of limitation for prosecution under the statute is now raised to four years, so as to give the prosecution a means of enforcing the criminal statute against the seducer should he within that time bring himself again subject to its provisions. It was, therefore, held in McNutt's case that the marriage of the accused and the girl did not alone satisfy the statute; that he must maintain the relation for the required time, or be subject to pun-

ishment as if he had not married her at all.  The indictment in McNutt's case was for seduction.''

And as to the procedure, we further said:

''It is suggested that the indictment in the case at bar shows on its face that the accused had been indicted before his marriage with Miss Berry, and it is now stated that as that indictment was presumably dismissed, the judgment is a bar to further prosecution.  Not so.  Two courses are open to the Commonwealth in prosecutions for seduction when the accused marries the girl seduced.  One is to continue the indictment on the docket for three years, or to file it away with leave to re-docket upon notice; the other is to dismiss it, and if within three years of the marriage, cause arises for resuming the prosecution, such as the abandonment here charged, to re-indict the defendant in substance as was done in the McNutt case.''

As the seduction was committed in February, 1910, and prior to the enactment of the indeterminate sentence law of 1910, the court properly left the fixing of the penalty to the jury, under the law then in force.  The indeterminate sentence law became effective in June, 1910, and applies only where the crime charged is committed after that time.  Stewart v. Commonwealth, 141 Ky., 522; Dial v. Commonwealth, 142 Ky., 32.

Appellant's contention that his motion for a peremptory instruction should have been sustained, is without merit, whether it be treated as based upon the alleged insufficiency of the evidence, or the interpretation claimed for the statute.  There was ample evidence to carry the case to the jury, under our construction of the statute.

The court gave the following instructions:

''1.  If you believe from the evidence beyond a reasonable doubt that the defendant in this county, and before the finding of the indictment, did, under a promise of marriage, seduce and have carnal knowledge of Lillie May Thomas, who was then a female under the age of twenty one years, and if you further believe from this evidence beyond a reasonable doubt that the defendant, within three years after his marriage with Lillie May Thomas, willfully deserted and abandoned her, you will find defendant guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary at not less than one nor more than five years.

''2.  If you have a reasonable doubt of defendant having been proved guilty, you will find him not guilty.

"3. The refusal of the defendant, after marrying the witness, Lillie May Thomas, to recognize and treat her as his wife, or the treatment of her in such cruel and inhuman manner as to destroy permanently her peace and happiness, or such treatment as to show an aversion to her on the part of the husband, constitutes an abandonment as used in these instructions, and if you believe from the evidence beyond a reasonable doubt, that the defendant so recognized and treated the said Lillie May Thomas, as set out in this instruction, No. 3, after he married her, you will be authorized to find such treatment, desertion and abandonment as contemplated by the law.

"4. If the jury believe from the evidence that the defendant, Tom Miller, in good faith married the prosecuting witness, Lillie May Miller, and attempted to live with her and treat her as his wife, and she by her own conduct prevented him from doing so, they will find defendant not guilty."

Appellant complains that the first instruction was prejudicial to his rights because it failed to incorporate therein the provision of the statute which would excuse his abandonment of his wife if he had such cause as constituted a statutory ground of divorce. But as there was no evidence that appellant had any such defense, the court properly omitted the qualifying phrase, "and without such cause as constitutes a statutory ground of divorce to the husband."

It is further complained that the third instruction defining "abandonment" is erroneous. The evidence was, however, amply sufficient to warrant the third instruction, and its phraseology is not objectionable.

The appellant offered no instructions, and those given by the court fairly presented the issues to the jury, and are not subject to any substantial criticism.

The briefs of both parties are stricken from the record, because neither brief is accompanied by a classification of the questions discussed, with the authorities relied on to sustain them, as is required by section 3 of rule 3 of this court.

Judgment affirmed.