## Hudson v. Commonwealth.

(Decided November 25, 1914.)

### Appeal from Owen Circuit Court.

1. Seduction—Criminal Law—Chastity.—Under an indictment for seduction, the Commonwealth must show that the woman seduced was until then of chaste character, and the defendant should be acquitted if there is a reasonable doubt that she was of chaste character prior to the time of the intercourse.

2. Witnesses.—Questions should not be allowed which suggest to the witness the answer desired.

3.  Witnesses.—A witness should not be asked if he had been indicted for an offense.

JAMES GARNETT, Attorney General; ROBERT T. CALDWELL, Assistant Attorney General; W. A. LEE and JOHN J. HOWE, Commonwealth's Attorney, for appellee.

BOTTS & PERRY for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Halcomb Hudson was indicted in the Owen Circuit Court for the crime of seducing, under promise of marriage, Ethel Hamilton, a female under twenty-one years of age. His defense was, in effect, that he did not seduce the woman, but that she was in fact unchaste before he had carnal knowledge of her. Presenting this defense to the jury, the court gave this instruction:

"The Court instructs the jury that although they may believe from the evidence that the defendant herein did seduce Ethel Hamilton under promise to marry her as alleged in the indictment, yet if they further believe from the evidence that at the time of the alleged promise and seduction the said Ethel Hamilton was a lewd woman and shortly prior thereto had sexual intercourse with others, they will find the defendant not guilty."

The jury found the defendant guilty, and he appeals.

In Berry v. The Commonwealth (147 Ky., 398), where we had a similar instruction before us, we said:

"We find no error in the instructions of the court, so far as they go, except that in instruction three, the words, 'if they believe from the evidence,' should be omitted as the defendant is entitled to the benefit of the reasonable doubt on the whole case.

"The instruction should be so framed as to show this. The court erred in not defining to the jury what seduction is. In 2 Roberson's Criminal Law, Section 493, the rule is thus stated:

"It is essential that the woman seduced be of chaste character at the time of the intercourse, though it is not so expressed in the statute."

In that case we outlined an instruction to be given which should be given in this case on another trial by adding to instruction No. 1 after the words "in the indictment herein," these words:

"The defendant is not guilty unless Ethel Hamilton

was at the time complained of, and had been for a reasonable time theretofore, a woman of chaste conduct. Though there had been formerly unchastity on her part, this does not exonerate the defendant, if, for a reasonable time before the acts complained of. she had been leading a virtuous life.''

Instruction No. 1 as thus modified and No. 2, and No. 3, given by the Court, give the jury the whole law of the case, and instructions No. 4 and 5, will be omitted.

The other matters complained of will probably not occur on another trial, but on the whole case we conclude that a new trial should be granted.

On another trial questions suggesting to a witness the answer desired will not be allowed, and character witnesses will be required to show that they are acquainted with the general reputation of the witness. All reference to the application for a pardon gotten up by the County Judge will be omitted. A witness should not be asked if he has been indicted for or charged with a public offense.

Judgment reversed and cause remanded for a new trial.