## Gaddis v. Commonwealth.

(Decided April 20, 1917.)

### Appeal from Muhlenberg Circuit Court.

1. Seduction—Instructions.—Upon the trial of a defendant charged with the crime of seduction, it is the duty of the court to define what is meant by "seduction" in an instruction to the jury.

2. Seduction—Essentials of Offense—Instructions.—To constitute the crime of seduction it is essential that the woman seduced be of chaste character at the time of the intercourse, and where the defendant introduced proof tending to show her to be unchaste, it was error to fail to submit the question to the jury by proper instruction.

C. A. DENNY for appellant.

M. M. LOGAN, Attorney General, D. O. MYATT, Assistant Attorney General, and JAMES R. MALLORY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The appellant, Fred Gaddis, was indicted, tried and convicted in the Muhlenberg circuit court of the crime of seduction, and his punishment fixed by the court at confinement in the State penitentiary for a term of not less than four nor more than five years.

His motion and grounds for a new trial being overruled, he appeals, relying upon two grounds only for reversal, viz.:

No. 3—5

First.   Failure of the trial court to properly instruct the jury; and,

Second.   The verdict is against the law and the evidence.

The instructions are as follows:

"The court instructs the jury that if they believe from the evidence to the exclusion of a reasonable doubt that the defendant, Fred Gaddis, in Muhlenberg county, before the finding of the indictment herein unlawfully, wilfully, and feloniously seduced and had carnal knowledge of, and sexual intercourse with one Vera Tyson, a female under twenty-one years of age and that he procured the consent of the said Tyson and persuaded her to permit him to have carnal knowledge of her and sexual intercourse with her, by then and there promising the said Tyson that he would marry her if she would give her consent and permit him to do so, and that relying upon said promise the said Tyson gave her consent and permission and that the defendant refused to marry her, then in that event, the jury will find the defendant guilty as charged in the indictment, and so state and no more."

"No. 2.   The court instructs the jury that if they have reasonable doubt as to the defendant having been proved guilty, they will find him not guilty."

It will be observed that the instructions fail (1) to define seduction; (2) to present the defense made that the prosecuting witness, Miss Tyson, was not of chaste character at the time of the intercourse.

In the case of Berry v. Commonwealth, 149 Ky. 398, it was held by this court to be error in a case like this to fail to define what is meant by seduction in instructions to the jury.

It is also held in the same case to be "essential that the woman seduced be of chaste character at the time of the intercourse."

In the case of Hudson v. Commonwealth of Kentucky, 151 Ky. 258, this court made a like ruling. Again in the case of Berry v. Commonwealth, *supra,* this court said: "The defendant is not guilty unless Bessie Brown was, at the time complained of, and had been for a reasonable time theretofore, a woman of chaste conduct. Though there had been formerly unchastity on her part, this does not excuse the defendant, if, for a reasonable time before the acts complained of, she had been leading a virtuous life."

This view is sustained by the great weight of authority, not only in this state, but in the several states of the union. Upon another trial the circuit court should define, for the guidance of the jury, what is meant by the word seduction and also give an instruction conforming to that approved in the case of Berry v. Commonwealth, *supra,* relative to the chastity of the prosecutrix if the facts put in evidence be the same as presented by this record.

As the case must be reversed, it is unnecessary to discuss the other questions made by appellant as these alleged errors are not likely to again occur.

Judgment reversed.