## Vallandingham v. Commonwealth.

(Decided June 18, 1920.)

### Appeal from Bath Circuit Court.

Seduction—Seduction Under Promise of Marriage—Evidence.— In a prosecution for seduction under promise of marriage, it is

prejudical error to permit the prosecuting witness either in substance or effect to testify that as a result of the illicit relations a child was born.

G. C. EWING and W. B. WHITE for appellant.

CHARLES I. DAWSON, Attorney General, C. W. GOODPASTER and W. C. HAMILTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

The appellant, Vallandingham, was found guilty of seducing Grace Purvis under a promise of marriage and from the judgment on the verdict he appeals.

The only witnesses who testified as to any material fact in the case were Grace Purvis, the prosecuting witness, who was about 20 years of age, and the accused, a young man of 22. She testified that Vallandingham accomplished her seduction after he had promised to marry her; while he denied that he had promised to marry or had sexual intercourse with the accused.

On the trial the prosecuting witness was asked and answered over the objection of counsel for defendant these questions: "Q. Did you ever have any sexual relations with him? A. Yes, sir. Q. How long after the first time that you had sexual relations with him was it before your baby was born? A. It was seven or eight months or something that way. Q. Up to the time that you had sexual relations with him had any other man had sexual knowledge of you? A. No, sir."

And it is now insisted that the court committed prejudicial error in permitting these questions to be asked and answers made.

In the case of Jordan v. Commonwealth, 180 Ky. 379, we had the competency of evidence of this nature before us and held that it was incompetent and prejudicial. To the same effect is Cline v. Commonwealth, 186 Ky. 429; Hoskins v. Commonwealth, 188 Ky. 80. The evidence here introduced is substantially the same as that held inadmissible and prejudicial in the Jordan case.

It is also complained that the attorney for the Commonwealth in his closing argument was guilty of misconduct in referring to this incompetent evidence. The court, however, admonished the jury not to regard it,

and as this error will not again occur, nothing more need be said about it.

For the error mentioned, the judgment is reversed, with directions for a new trial not inconsistent with this opinion.