## Bush v. Commonwealth.

(Decided October 10, 1924.)

## Appeal from Clark Circuit Court.

1.  Criminal Law—Refusal of·Continuance Held Not to Require Reversal.—Refusal of continuance for absence of witnesses held not to call for reversal, where it was not apparent that testimony of absent witnesses was material or competent.

2.  Criminal Law—Refusal of Continuance for Surprise Not Error Without Showing that Defense was Prevented.—Denial of continuance on ground that defendant was taken by surprise by action of Commonwealth in fixing time of seduction as first part of June rather than latter part of July held not error; there being neither averment nor proof of facts showing accused was prevented from fully preparing and presenting his defense.

3.  Seduction—Chaste Character Essential.—It is essential that woman seduced be of chaste character at time of intercourse and for reasonable time theretofore.

4.  Criminal Law—Seduction—Instruction, Couched in Language of Indictment Following Statute Sufficiently Defines Seduction, Unless Chastity in Issue Under Evidence.—Instruction, couched in language of indictment which follows statute, sufficiently defines seduction, unless question of chastity is at issue on evidence, when it must be defined so as to include and present this element for consideration by jury.

5.  Seduction—Instruction Held to Sufficiently Cover Chastity.—Instruction in prosecution for seduction held to sufficiently cover requirement of chastity under circumstances of case.

6.  Criminal Law—Instruction Not Requiring Jury to Believe Prosecutrix was Chaste beyond Reasonable Doubt Cured by Following Instruction.—Instruction, incorrect in not requiring jury to believe from evidence "beyond a reasonable doubt," that prosecutrix was chaste, was cured by following instruction that defendant must be proven guilty beyond reasonable doubt.

7. Criminal Law—New Trial Not Granted for Newly Discovered
Hearsay and Rumor.—New trial cannot be granted for newly dis-
covered evidence consisting only of hearsay and rumor.

REDWINE & REDWINE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN
DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment convicting appellant of seduction, and fixing his punishment at confinement in the penitentiary for three years.

The principal grounds urged for reversal are the denial of a continuance, alleged errors in the instructions and the refusal to grant a new trial for newly discovered evidence.

In support of his motion for a continuance, defendant filed his affidavit alleging the absence of his witnesses, Gibson, Long and Chism. The attendance of Chism was coerced, but he was not introduced, and consideration of his absence upon the call of the case is therefore eliminated.

It was alleged that Gibson and Long would testify to criminal intimacy with the prosecutrix, the former "during the summer of 1923," and the latter in July, 1923. Upon the motion of defendant, the Commonwealth fixed the time of the seduction between June 1st and 11th, 1923. It is therefore not apparent that the testimony of either Gibson or Long was material or competent, which no doubt explains his failure to offer their evidence as stated in his affidavit. Besides, defendant did not follow Code provisions for securing their evidence.

We are therefore of the opinion a reversal should not be ordered on this ground.

It also is urged that a continuance should have been allowed, as requested after the trial began, upon the ground that defendant was taken by surprise by the action of the Commonwealth in fixing the time of the seduction as the first part of June rather than the latter part of July, 1923.

In support of this contention defendant filed his affidavit alleging that the latter date had been fixed as the time of the seduction by the prosecuting witness at the examining trial. This she denied, and there is no other proof upon the subject. Moreover, there is no averment other than that appellant was surprised, and even if this

were undenied, there is neither averment nor proof of facts showing that because thereof he was prevented from fully preparing and presenting his defense. Hence, this insistence cannot be sustained.

The alleged errors in the instructions are, the refusal to direct an acquittal, and the failure to define seduction as employed in the instructions given.

The right to a directed verdict is based upon the claim that the evidence is conclusive that (1) the prosecuting witness knew appellant was married, and (2) that she was unchaste at the time of the alleged seduction.

We do not, however, so read the evidence, and cannot agree that the submission of either question to the jury was error.

Although not so declared by our statute, it is essential here, as in most if not all jurisdictions, that the woman seduced be of chaste character at the time of the intercourse, "and for a reasonable time theretofore." Berry v. Commonwealth, 149 Ky. 398, 149 S. W. 824; Hudson v. Commonwealth, 161 Ky. 257, 170 S. W. 620; Gaddis v. Commonwealth, 175 Ky. 183, 193 S. W. 1052, and Hoskins v. Commonwealth, 188 Ky. 80, 221 S. W. 230.

In each of these cases save the last a judgment of conviction was reversed because of the failure of the court to define seduction. In the Hudson and Gaddis cases it was held to be reversible error to fail to define seduction, and in Berry's case that such failure was error where it was material, and reversible error if prejudicial.

In the Hoskins case, as in some others, it was held that an instruction following the indictment, couched in the language of the statute (which does not mention chastity) would be sufficient. Miller v. Commonwealth, 154 Ky. 201, 157 S. W. 373, and Hobson on Instructions, sections 841, 842, and notes.

The seeming inconsistency in these cases is not real, but due to the fact that in the former class chastity at the time or within a reasonable time prior to the alleged seduction was in issue on the evidence, while in the latter cases it was not.

The rule deducible from these and other like cases then is, that an instruction couched in the language of the indictment which follows the statute sufficiently defines seduction unless the question of chastity is at issue on the evidence, when it must be defined so as to include and present this element of the offense for consideration by the jury.

This question was at issue upon the evidence here, and it was therefore necessary for the court to present it by the instructions for the jury's consideration and determination. The first instruction given, which follows the statute and the indictment, was therefore insufficient here. But by another instruction the court told the jury:

"The defendant is not guilty unless Mildred Wilcox was at the time complained of and had been for a reasonable time theretofore a woman of chaste conduct. Though there had been formerly unchastity on her part, this does not exonerate the defendant if for a reasonable time before the acts complained of she had been leading a virtuous life."

This is an exact copy of an instruction prepared by this court and directed to be given in Berry v. Commonwealth, *supra,* for the purpose of properly presenting the same question under like circumstances and proof as here.

There is therefore no merit in this contention, unless, as argued, this instruction is in fact incorrect in that it does not require the jury to believe from the evidence "beyond a reasonable doubt" that the prosecutrix was chaste. But even if this were true, considering this instruction alone, it is not true when this instruction is considered in connection with the one that immediately follows it and tells the jury that "Unless the defendant has been proven guilty beyond a reasonable doubt, the jury will find him not guilty."

The final contention that we deem of sufficient importance to require discussion is that the court erred in refusing a new trial for newly discovered evidence.

While defendant alleged in his affidavit that he could prove by several newly discovered and named witnesses that Miss Wilcox was unchaste a short time before the alleged seduction, he confessed his inability to produce any such witnesses when given an opportunity by the court to do so. The nearest he came to doing so was to file the affidavits of two of his alleged newly discovered witnesses, who aver simply that they had heard an uncle of Miss Wilcox state that she had a miscarriage, and that such a rumor was current in the neighborhood at the time.

Aside from the fact that the question of former chastity was fully gone into on the trial, and newly discovered evidence on that question, if there had been any, would have been cumulative, it is clear no such evidence had

been discovered, since only evidence of hearsay and rumors, incompetent for any purpose, could be produced.

Failing to discover any error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.