## Fogle v. Commonwealth.

(Decided October 23, 1925.)

Appeal from Madison Circuit Court.

Seduction—In Absence of Proof Establishing Unchastity of Prosecutrix, Unnecessary to Submit Question of Chastity to Jury.— In prosecution for seduction under Ky. Stats., section 1214, in absence of proof offered impeaching chastity of prosecutrix, she is presumed to be chaste, and instruction following language of statute sufficient without submitting question of chastity.

GEORGE T. ROSS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Ed. Fogle, was indicted by the Madison county grand jury, charged with the offense denounced by section 1214 of our statutes of seducing and carnally knowing Myrtle Walton, a female under twenty-one years of age while under a promise to marry her. On his trial he was convicted and punished by confinement in the penitentiary for one year, and from the judgment pronounced on the verdict, after his motion for a new trial was overruled, he prosecutes this appeal, urging through his counsel only one ground for a reversal, which is: That the court erred in failing to properly instruct the jury.

The indictment named the prosecutrix and charged the offense in the language of the statute, and the instruction of the court submitting to the jury the issue as to defendant's guilt or innocence followed and adopted that language. It is now insisted on this appeal that under our opinions in the cases of Berry v. Commonwealth, 149 Ky. 398; Hudson v. Commonwealth, 161 Ky. 257; Gaddis v. Commonwealth, 175 Ky. 183; Hoskins v. Commonwealth, 188 Ky. 80, and Morehead v. Commonwealth, 194 Ky. 592, it was the duty of the court to define the term "seduction" as used in the statute, and to submit to the jury the question of the chastity of the prosecutrix, as defined in those opinions. An examination of them will disclose the fact that the court in adjudging the applicable law under the particular facts presented by each of those records, used language which might be construed as announcing a necessary element of the offense in all cases, which was, that in order to secure a conviction under the charge, "it must appear that the seduced female was of chaste character at the time of the intercourse," although it might also appear that at some remote prior time her conduct was otherwise but which had been followed by a reformation on her part. It is quite evident that the court, wherever it so intimated in any of those opinions, was dealing with the facts presented by the particular record, and did not intend thereby to impose the burden upon the Commonwealth of proving the chastity of the prosecutrix in all cases as a prerequisite to conviction. If such proof was imperatively required, then it would logically follow that the indictment to be good should also contain an allegation to that effect, and which would be tantamount to inserting an element in the statute which it did not contain. Therefore, when the question was later presented in the case of Bush v. Commonwealth, 205 Ky. 14, the cases above cited were referred to and the rule deducible from them was stated to be, "That an instruction couched in the language of the indictment which follows the statute sufficiently defines seduction unless the question of chastity is at issue on the evidence, when it must be defined so as to include and present this element of the offense for consideration by the jury."

It would, therefore, appear that neither the question as to the chastity of the prosecutrix nor a definition of seduction is necessary where there is no testimony im-

peaching her chastity. In other words, if she was unchaste at the time of the intercourse, within the definition given in those opinions, it is a defense which the defendant may rely on and introduce proof to sustain. No such defense was made in this case, and no proof offered to impeach the chastity of the prosecutrix, Myrtle Walton. It is true that the record discloses that for a time prior to the beginning of defendant's associations with her she was visited by another young man who was a student in the normal school at Richmond, but there is no intimation of any improper relations between them. On the contrary, it is shown to have been nothing more than the usual visitations of a young lady by an attentive young gentleman.

We, therefore, conclude that, in the absence of proof to establish unchastity on the part of the prosecutrix, it will be presumed that she was chaste, in which case it is sufficient for the instructions to follow the language of the statute, and which is all that is required, under the opinions referred to, to make the indictment sufficient.

The only error relied on having been found insufficient, and there being no other appearing in the record, the judgment is affirmed.