## Maples v. Commonwealth.

(Decided January 29, 1932.)

W. J. STONE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Luther Maples, was convicted of the crime of seduction and sentenced to one year in the peni-

tentiary. He urges as grounds for reversal that the evidence of the alleged promise of marriage was not sufficient to support the verdict, that incompetent evidence was admitted, and that the court erred in failing to define seduction in the instructions.

The prosecuting witness, Mary Messer, resides with her mother at Hignite, Bell county, Ky. The appellant drove a taxi from Notown to Hignite carrying miners to work, and on one of these trips he became acquainted with the prosecuting witness, who was then 15 or 16 years of age. Appellant was 26 or 27 years of age and had been married, but he and his wife had been divorced before he became acquainted with Miss Messer.

Appellant, when testifying in his own behalf, admitted the act of intercourse, but denied that it was preceded or accompanied by any promise of marriage on his part. It is argued that the testimony of the prosecuting witness as to the promise of marriage is too vague and indefinite to authorize a submission of the question to the jury. On direct examination she was asked these questions and made these answers:

"Q. How was it that you came to let him have intercourse with you? What made you do that? A. He promised to marry me is all I know.

"Q. How many times did he make that promise to you before you yielded to his request? A. He asked me a whole lot of times."

On cross-examination she was asked the following question and made the following answer:

"Q. Tell the jury what it was; do you remember what he said to you at any of the times; can you tell the jury what he said? A. He promised to marry me and didn't. I have told you once."

These statements of the witness were direct and unequivocal and made a submittable issue.

It is also claimed that the evidence as to her age is vague and conflicting. She and her mother testified that she was 18 years of age at the time of the trial in June, 1931. Her mother also testified that the prosecuting witness was born in 1911. In any event, she was under 21 years of age when the alleged offense was committed.

The incompetent evidence of which appellant complains consists of references to the child of the prosecuting witness which was in the courthouse during the trial. There is a conflict of authority on the question of the propriety of exhibiting the issue of the alleged wrongful act to the jury in a prosecution for seduction; but in this jurisdiction it is the rule that evidence tending to show pregnancy of the prosecuting witness or the birth of a child resulting from the wrongful act is inadmissible, since such evidence throws no light upon the issues in the case. Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617; Vallandingham v. Commonwealth, 188 Ky. 533, 222 S. W. 936; Dalton v. Commonwealth, 226 Ky. 127, 10 S. W. (2d) 609.

During the direct examination of the prosecuting witness she was asked the following questions and made the following answers:

"Q. Had you ever had intercourse with any other young man up to that time? A. No, sir.

"Q. Since? A. No, sir.

"Q. Is that your baby? A. Yes sir.

"Q. Is Luther Maples the father of that child?" Defendant objects; sustained; plaintiff excepts.

While her mother, Artie Messer, was testifying the following occurred:

"Q. How long ago, if you know, was it that he started coming to see your daughter? A. The best I remember they had been going together off and on better than a year.

"Q. A year from when? A. Before the baby came.

"Q. Before the baby was born can you tell the jury about how often, how many times he came to see your daughter? A. I can't tell how many times because I am forgetful. I didn't keep any account of it, thinking nothing about this trouble."

It will be observed that no objection was made or exception taken to any of these questions or answers, except the one as to the paternity of the child and to that question the court sustained the objection. This testimony having been admitted without objection or exception on the part of appellant, it is manifest that he is not in position to complain of it now.

Toward the close of the direct examination of Mrs. Artie Messer and subsequent to the testimony heretofore quoted, she was asked this question: "Did he continue to come practically every Saturday and Sunday before the child was born or not?" Appellant's objection to the question was overruled, and she answered: "No sir, he didn't." The objection to the question evidently was directed to its form and not to its substance. However, the overruling of appellant's objection to this question was not prejudicial error in view of the amount of similar testimony that had been admitted without objection.

Dr. J. C. Carr was introduced as a witness by the commonwealth and testified as follows:

"Q. State your name to the jury. A. J. C. Carr.
"Q. What is your profession? A. Physicion.
"Q. Are you a general practitioner? A. Yes sir.
"Q. In the course of your professional duties were you called to see Mary Messer?" Defendant objects; overruled; defendant excepts.
"A. Yes, sir."

This was all of his testimony. He was not asked for what purpose he was called to see the prosecuting witness, and while the jury may have inferred that it was for the purpose of delivering the child, the testimony could not have been prejudicial in view of the other testimony relative to the child which had been admitted without objection.

The instruction submitting to the jury the issue as to defendant's guilt or innocence followed the language of the statute. In Berry v. Commonwealth, 149 Ky. 398, 149 S. W. 824; Hudson v. Commonwealth, 161 Ky. 257, 170 S. W. 620; Gaddis v. Commonwealth, 175 Ky. 183, 193 S. W. 1052; and Morehead v. Commonwealth, 194 Ky. 592, 240 S. W. 93, it was held that the term "seduction" as used should be defined and the question of the chasity of the prosecutrix should be submitted to the jury. In each of those cases, however, as pointed out in Bush v. Commonwealth, 205 Ky. 14, 265 S. W. 468, and Fogle v. Commonwealth, 210 Ky. 745, 276 S. W. 814, the

question of chastity was at issue on the evidence, and in the Fogle case it was said:

> "We therefore conclude that, in the absence of proof to establish unchastity on the part of the prosecutrix, it will be presumed that she was chaste, in which case it is sufficient for the instructions to follow the language of the statute, and which is all that is required, under the opinions referred to, to make the indictment sufficient."

In the instant case an effort was made to impeach the chastity of the prosecuting witness, Mary Messer, but appellant wholly failed to produce any evidence tending to show that she was unchaste. A number of witnesses were introduced who testified that they had seen her in the company of other young men, but none of them testified to facts tending to show improper relations between her and any man other than appellant, and all of them admitted that her reputation for chastity was good.

We conclude, therefore, that under the facts the instruction which followed the language of the statute was sufficient.

Judgment is affirmed.