## Johnson v. Commonwealth.

(Decided April 24, 1936.)

J. E. WALDON for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On March 8, 1935, the Laurel county grand jury returned an indictment against appellant and defendant below, Raymond Johnson, accusing him of se-

ducing Hazel Dizney, a female under 21 years of age, and which was accomplished by him "under promise of marriage"—the crime being one created by section 1214 of our present statutes. Other allegations necessary to the validity of the indictment were incorporated therein, including the one prescribing a four-year limitation for the prosecution. At the trial thereof, on June 12, 1935, the accused was convicted and punished by confinement in the penitentiary for two years. His motion for a new trial was overruled, and from the verdict and the judgment pronounced thereon he prosecutes this appeal.

A number of grounds are set out in the motion for a new trial as constituting reversible errors; but only one of them is mentioned in any way by counsel for defendant in his brief, and it is merely suggested and not argued. The entire presentation of the sole ground argued for reversal of the judgment follows a brief statement of counsel's theory of the facts, which occupies less than one page, and then appears the argument referred to which, in its entirety, is thus phrased: "Appellant urges the following reasons for reversal, that the prosecuting witness made a display of the child before the jury and that the appellant, by counsel moved the court to set aside the swearing of the jury and to continue the case on the ground that the prosecuting witness was making a noticeable display of her child in the court room and in the presence of the jury, and the court erred in overruling appellant's motion and this in itself is a reversible error as it affected the substantial rights of the appellant. Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617."

The circumstance of making "a display of the child before the jury," was first injected into the case by defendant's counsel after the prosecutrix and all other witnesses in chief for the commonwealth had testified, and it had closed its case. At that stage of the trial, this occurred: "Now, comes the defendant and moves the Court to set aside the swearing of the jury and to continue the case on the grounds that the prosecuting witness sat in the Court room all day in the presence of the jury with a baby in her arms and this is highly prejudicial to the rights of this defendant to do this in the presence of the jury." The

court overruled the motion, and in doing so said: "There has been no exhibition before this jury or in the presence of this jury and no mention has been made heretofore that such a thing has happened and so far as this Court is concerned and so far as the jury is concerned in the presence of the Court they don't know about her having a baby in this courthouse, there has been no exhibition of it before the jury and for these reasons the motion is overruled to which the defendant excepts."

Such response of the court is completely sustained by the record. No pretense is made that even the prosecutrix was begotten with child by the accused, or that he was the father of any such child, or even that she had a child. Also, there was no presentation of any child to or before the jury while the prosecutrix was testifying, or at any other time. From the motion, it would appear that the prosecutrix was sitting in the court room somewhere in the audience with a child in her arms, and which fact, as so gleaned, is the only one in support of the motion. In the case of Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 898, 1 A. L. R. 617, we held it to be incompetent to prove the pregnancy of the prosecutrix or to exhibit before the jury the resultant child in prosecutions of this character; but, both in that opinion and also in the much later one of Maples v. Commonwealth, 242 Ky. 212, 45 S. W. (2d) 1060, we held in accordance with the general rule of practice that the incompetency of such testimony and exhibitions will be waived if not objected to at the time of their introduction.

The testimony of the commonwealth was all heard on the first day of the trial, and it was not until the next morning when defendant was to begin his testimony that the motion of counsel was made. Defendant filed his affidavit in support thereof, in which he stated that he had seen the prosecutrix on the day before while the evidence for the commonwealth was being heard in the courthouse with "her baby around with her and that she sat in the court house all during the day while the court was in session." However, he nowhere stated that while she was on the stand she had with her the child, and it is only from his injected affidavit that we learn the prosecutrix had a

child at all. No such facts are certified in the bill of exceptions, and since they are not matters of record, they cannot be presented to this court in any other way. We have often held that an affidavit as to what so transpired during the progress of the trial is not sufficient to bring the complained of fact or facts before this court for determination. The same is true with reference to the motion made by counsel, which, of course, is recorded in the transcript, but after all, it contains only counsel's statement of what occurred, and which were refuted by the remarks of the court made when he overruled the motion.

It is, therefore, clear that the question was not properly preserved, nor is it appropriately presented for our determination. But if it were presented in such legal form as to authorize us to consider and determine it, then we would be confronted with only the fact that the prosecutrix as a member of the audience in attendance upon the trial, had with her a baby which defendant's affidavit stated was hers; but that she neither displayed nor otherwise exhibited it to the jury as evidence in the case. The Jordan opinion expressly stated that such conduct was neither prejudicial nor erroneous, and which was done in this language: "We do not, however, rule that if a child is born as the result of the alleged seduction, the prosecuting witness may not have with her, in the court room in the presence of the jury, the child, although its presence unexplained or uncommented on might create, in the mind of the jurors, an unfavorable sentiment against the accused, but the probability that the appearance of the child might create such a feeling is not, we think, sufficient to justify us in holding that the mother may not have it with her in the court room. But she cannot be inquired of about its parentage, nor should the commonwealth's attorney be permitted to allude in any manner to its presence or make any comments on its appearance. State v. Fogg, 206 Mo. 696, 105 S. W. 618; State v. Carter, 8 Wash. 272, 36 P. 29." It is, therefore, apparent that the only matter complained of in brief of counsel is without merit and furnishes no authority for interfering with the judgment.

We have closely examined the record with reference to all other grounds set forth in the motion for a

new trial, and find none of them sufficiently meritorious to authorize the granting of it. The prosecutrix testified positively that she and defendant were frequently in each other's company beginning about March 1, 1934, and continuing for more than six months, and that during that time he frequently called upon her and became engaged to marry her, after which and because of which she submitted to his entreaties. He admitted his associations with her, but denied any marriage engagement or intercourse with her. The admitted facts by him (and which were proven by other witnesses) furnished an opportunity for his engaging in both of the charges preferred against him by the prosecutrix, and it was exclusively for the jury to determine which of the two it would believe. After its determination in such circumstances we have repeatedly held that it was not within our province to disturb its verdict on the ground that it was flagrantly against the evidence. The other grounds are trifling and wholly without merit, and for which reason we do not deem it necessary to specify them, even if they had not been abandoned by counsel in declining to mention or discuss them in his brief filed in this court.

Wherefore, for the reasons stated, the judgment is affirmed.