## Jones v. Commonwealth.

### April 20, 1943.

S. V. Little for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant was tried and convicted in the Laurel circuit court upon an indictment charging him with the crime of seduction under a promise of marriage and sentenced to the penitentiary for one year.

The prosecuting witness, Marjorie Sullivan, testified, in substance, that she and appellant became "sweethearts" in October, 1940, and that relation continued until the last of March, 1941. She said that appellant promised to marry her and because of such promise she

submitted to having sexual intercouse with him on the first and second days of February, 1941, respectively, and these were the only acts of intercourse they had. Appellant admitted that he had sexual intercourse with prosecutrix and said that that relation began in October, 1940, and continued regularly during the period of their friendship or association as sweethearts, but he denied that he promised to marry her or that anything was said between them about marriage. It is admitted in brief of appellant that the jury had the right to accept the evidence of prosecutrix and to convict upon her evidence, but a reversal of the judgment is urged upon the sole ground that prosecutrix informed the jury that a baby was born to her, presumably as a result of the alleged seduction. The indictment was returned in April, 1942, or approximately fifteen months after the alleged act of seduction. On cross-examination counsel for appellant interrogated prosecutrix with reference to the time of the alleged act of seduction and the time she appeared before the grand jury and procured the indictment, apparently for the purpose of showing a long delay between the alleged act of seduction and the procuring of the indictment or making other complaint against appellant. On redirect examination of prosecutrix by the Commonwealth's attorney, these questions were asked and answered:

"Q. Why didn't you do something about it? A. Some saying—

"Q. Why didn't you, tell why, if you know why? A. I just give him lots of time, he promised he would marry me, and I thought he would come around, and he never did come around, and after the baby was born,—"

Counsel for appellant objected to the statement of the witness with reference to a baby having been born and moved the court to set aside the swearing of the jury and continue the cause. The court sustained the objection to that part of the answer in reference to the baby and gave the jury this admonition:

"Members of the Jury: You will not consider the statement made by the witness about the birth of a child, or 'after the baby was born,' for any purpose."

At the close of the evidence in chief for the Commonwealth, counsel again moved the court to set aside the swearing of the jury and continue the case because of misconduct of the attorney and the statement of the prosecuting witness with reference to the baby, which motion the court overruled.

Appellant cites and relies on the cases of Johnson v. Commonwealth, 263 Ky. 763, 93 S. W. (2d) 856; Jordon v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617; and Maples v. Commonwealth, 242 Ky. 212, 45 S. W. (2d) 1060. The facts involved in the Johnson case have no application to the facts in the present case and hence further comment on that case is unnecessary. In the Jordon case the attorney for the Commonwealth asked the prosecuting witness if she had a baby, to which she answered in the affirmative, and further had her to state when the baby was born and where the baby was at that time, to which no objections were made. She was then asked to bring the baby into the court room, and at this point counsel for defendant objected to the exhibition of the baby before the jury, which objection the court overruled and permitted the prosecuting witness to bring the baby into the presence of the jury, and in argument the Commonwealth's attorney held the baby in his arms and commented on the fact that the alleged seduction resulted in the birth of the baby. In the present case the attorney for the Commonwealth did not ask the prosecutrix anything concerning the baby but merely asked her to state why she did not sooner bring the accusation against appellant, in order to have her explain to the jury that she deferred making complaint because appellant had promised to marry her and she was giving him time to carry out his promise. It appears that the reference she made to the baby was a voluntary statement on her part rather than being solicited by the attorney for the Commonwealth. But, even though counsel for the Commonwealth had asked prosecutrix the direct question to state whether or not a baby was born to her as a result of the alleged seduction and had she answered in the affirmative, since the court sustained objections to the evidence concerning the baby and admonished the jury as it did, such would not have constituted reversible error. Miller v. Commonwealth, 270 Ky. 378, 109 S. W. (2d) 841. In the Miller case the prosecuting witness, with the baby in her arms, took a

seat at the table of the attorney for the Commonwealth while he was making a statement of the case to the jury and stated that as a result of the relations with the defendant prosecutrix conceived and bore a child, to which statement defendant objected and the court sustained the objection and admonished the jury not to consider the statement. Also, when the prosecutrix appeared on the witness stand she still held the baby in her arms and the court again admonished the jury to exclude from their minds that there was a baby in the case and not to consider it. Although the jury was very definitely informed that there had been a baby born to the prosecuting witness as a result of the alleged seduction, this court held that in view of the admonition of the court to the jury not to consider any evidence or statement made.in reference to the baby, no prejudicial error was committed, and the case was affirmed. In the Maples case, supra, cited for appellant, the prosecuting witness brought a baby into the court room and while testifying the attorney for the Commonwealth asked her: ''Is that your baby?'' To which she answered: ''Yes, sir.'' No objection was made to this question or answer. She was then asked if Maples was the father of the child, to which objections were made and sustained. Also, the mother of the prosecuting witness was permitted to testify concerning the baby and 'stated that her daughter and Maples had been going together for more than a year before the baby was born, but no objection was made to this evidence. The mother was then asked if Maples came to see her daughter practically every Saturday or Sunday before the child was born, to which objection by appellant was overruled and she was permitted to answer the question. The court said:

> ''The objection to the question evidently was directed to its form and not to its substance. However, the overruling of appellant's objection to this question was not prejudicial error in view of the amount of similar testimony that had been admitted without objection.''

It is thus seen that the precise question involved in the present case was not involved in the Maples case and the facts in that case do not support appellant's contention in the present case. See, also, Tuttle v. Commonwealth, 287 Ky. 371, 153 S. W. (2d) 931, wherein a thorough and elaborate discussion of like or similar ques-

tions of evidence as are here involved are correlated and distinguished, which tend to support the rule that when objections are sustained to statements by witnesses or counsel with respect to a baby being born as a result of alleged acts of intercourse induced by a promise of marriage and the court admonishes the jury not to consider such evidence or statements, the presumption is that the jury obeyed the admonition of the court.

It is our conclusion, therefore, that the present case is in the category of the Miller case and other like or similar cases, and that in view of the admonition of the court to the jury not to consider any evidence or statements in reference to a baby, no prejudicial error was committed.

Wherefore, the judgment is affirmed.