Gratz v. Commonwealth.

CASE 28—INDICTMENT—November 20.

# Gratz v. Commonwealth.

APPEAL FROM CLARK CIRCUIT COURT.

1. INDICTMENT.—An indictment which accuses the defendant "of the crime of malicious cutting and wounding with intent to kill," sufficiently describes the offense denounced by section 1166 of the Kentucky Statutes, which provides for the punishment of any person who "shall willfully and maliciously cut another with a knife with intention to kill." The words of the statute need not be strictly pursued in describing such an offense in an indictment.

2. SAME.—It is not necessary that an indictment should state in terms that the offense was committed prior to the finding of the indictment. It is sufficient to state that it was committed on a certain day, if it appears from the record that that day was prior to the finding of the indictment.

3. QUESTION FOR COURT—The court instead of deciding, as was its duty, and as the evidence fully authorized that the person wounded was a peace officer, improperly permitted the jury to decide that question, but the error was favorable rather than prejudicial to defendant.

L. J. MOORE FOR APPELLANT.

1. The indictment, which charged the defendant with "the crime of malicious cutting and wounding with intent to kill," was defective in omitting the word, "another," or the name of the person wounded. (Kentucky Statutes, sec 1166.)

2. The indictment having charged the offense as committed on the day the indictment was found, and the proof being that the offense was committed on a day prior to the finding of the indictment, the indictment was defective in failing to charge that the offense was committed before the finding thereof. (Jones v. Commonwealth, 1 Bush, 34; Criminal Code, sec. 129.)

3. There being no proof that the person wounded was a civil officer at the time the cutting was done, he must be treated as a private citizen, and his attempt to arrest the defendant was at his own peril. (Creighton v. Commonwealth, 83 Ky., 143.)

4. Instruction No 2, as given by the court, was misleading to the jury, because it failed to define the term "malicious," and also No. 7 was erroneously given, because it induced the jury to believe that the wounded person was a policeman when there was no proof to establish that fact.

5. Instructions 1, 2 and 3, embracing the law of self-defense as asked for

Gratz v. Commonwealth.

by the defendant, were improperly refused by the court. The verdict of the jury was against the weight of evidence, for the evidence shows that the defendant was only using such means as he thought necessary to protect himself from harm. (Eyersole v. Commonwealth, 16 Ky. Law Rep., 143.)

6. It was error to allow the jury to separate for dinner after the instructions had been given and the defendant's counsel had made his argument to the jury, but before the Commonwealth's attorney had made his argument, and then allow the latter to conclude the argument.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The indictment is good, and the demurrer was properly overruled.
2. Under an indictment charging that an offense was committed on the day the indictment was found by the grand jury, proof of the commission of the offense on any previous day will warrant a conviction.
3. In this case the authority of the officer to make the arrest was without question, and the case of Creighton v. Commonwealth cited by the appellant does not apply.
4. The instructions given, taken as a whole, stated the whole law of the case, and there was no error affecting the substantial rights of the accused. The instructions offered by the defendant, taken together, are unintelligible, and were properly refused by the court.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment under which appellant was convicted is as follows: "The grand jury of Clark county, in the name and by the authority of the Commonwealth of Kentucky, accuse David Gratz of the crime of malicious cutting and wounding with intent to kill, committed as follows, viz: That said David Gratz on the twenty-fifth day of September, 1884, in the county aforesaid, did unlawfully, willfully, feloniously and maliciously cut and wound T. M. Newton with a knife with intent to kill him, the said Newton, of which cutting and wounding he did not die, against the peace and dignity of the Commonwealth of Kentucky."

The statute, section 1166, provides that if "any person shall *willfully* and maliciously cut     *     *

*another* with a knife     *     *     with intention to
kill, if the person so cut     *     *     die not thereby,
he shall be confined in the penitentiary not less than
one nor more than five years."

It will be observed that two words, "willfully" and
"another," used in the statute, are omitted from
description of the offense charged in the indictment,
which counsel now contend is a fatal defect.

All the Criminal Code requires when an offense
charged has "no general name, is a brief general
description as given by law." (Section 123.) And
"the words used in a statute to define an offense
need not be strictly pursued in an indictment, but
other words conveying the same meaning may be
used." (Section 126.)

It seems to us that the offense of which appellant
is accused is so fully and clearly described in the
indictment as to leave no reasonable doubt it is the
same as that defined and denounced in section 1166
of the statutes. For a charge or accusation that a
defendant cut and wounded maliciously, and with in-
tent to kill, necessarily means he did the act willfully ;
and use, in that connection, of the word "another,"
was not at all necessary to convey the idea the subject
of such malicious cutting was a human being.  Be-
sides, the statement of acts constituting the offense
is made "in such manner as to enable a person of
common understanding to know what  is intended,
and with such degree of certainty as to enable the
court to pronounce judgment on conviction accord-
ing to rights of the case."

The language used imports that the offense charged

Gratz v. Commonwealth.

was committed before the indictment was found, and it was not, as counsel argues, necessary to state the fact in terms. It is distinctly averred the offense was committed September 25, though it turned out on trial it had been done as early as July, while the transcript shows the indictment was not found until September 26, 1894.

There is direct evidence that the defendant severely cut Newton willfully and maliciously, and not in his necessary self-defense, and, consequently, it is not in the province or power of this court to reverse the judgment upon the ground the verdict was contrary to the evidence.

It appears that Newton, acting as policeman, heard, about eleven o'clock at night, a cry of distress from a woman, and immediately proceeded, as it was his duty, to the house of defendant, who, after being several times told to do so, came outside of his premises to where the officer was, and without legal excuse seized and commenced to stab him with a knife, inflicting as many as seven wounds. There is no question of the woman who made the outcry being the wife of the accused, and evidence of the officer and attending circumstances tend strongly to show the cause of it was mistreatment by her husband. He, on the contrary, testifies the cry of distress was made because she supposed he had fallen into the well, and two witnesses who were at that time in the house, her mother and sister, stated on the trial Newton fired a pistol at and wounded the accused before the. knife was used. But the jury seems to have discredited that testimony, accepting instead, as true,

the theory that his conduct caused his wife to cry out, and statement of Newton that he did not fire his pistol until he was stabbed.

The court instructed the jury fully and clearly as to questions of the guilt of the accused, the degrees of the offense charged, and as to the law of self-defense. And the only error committed in that connection was, in giving instruction nine in the form it now appears, which was favorable rather than prejudicial to defendant. For the court, instead of deciding, as was its duty and as the evidence fully authorized, that Newton was at that time deputy policeman of Winchester, where the crime occurred, by that instruction improperly permitted the jury to decide that question, thereby making Newton's authority to arrest accused and his right to resist to the extent of taking the life of the officer, depend upon decision of the jury of a legal question.

As in our opinion no error of law to prejudice of appellant occurred on the trial, the judgment is affirmed.