## Arn v. Commonwealth.

(Decided June 27, 1928.)

Appeal from Mason Circuit Court.

1. Indictment and Information.—Commonwealth's evidence that alleged statutory rape was committed over three years before finding of indictment, which charged that offense was committed within twelve months past, did not entitle defendant to peremptory instruction, as commonwealth may prove commission of offense at any time before finding of indictment, under Criminal Code of Practice, sec. 129.

2.  Rape.—In trial for statutory rape, prosecutrix's testimony, letters to her from defendant, and testimony of defendant's witnesses as to her demand for money or marriage, held sufficient to warrant submission to jury of question whether she was defendant's wife and to sustain verdict to contrary.

M. J. HENNESSEY for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

James Arn was indicted in the Mason circuit court for the crime of carnally knowing a female child under 18 years of age; he was found guilty, and his punishment fixed at five years' imprisonment. He appeals.

The charge is stated in the indictment in these words:

"The said James Arn, on the — day of ———, 192—, and other days before and since, within twelve months past, and before the finding of this indictment, in the county aforesaid, did unlawfully and feloniously and willfully have carnal knowledge of a female child, to wit, Ethel Haney, not his wife, at the time under the age of 18 years with her consent. He being at the time a male person above the age of 21 years, contrary to law and against the peace and dignity of the Commonwealth of Kentucky."

At the opening of the trial there was this stipulation:

"Before proceeding to trial and the introduction of testimony, the attorney for the Commonwealth comes and voluntarily elects to rely in this prosecution upon the act of carnal knowledge committed on the road leading toward Orangeburg, Mason County, Ky., in the months of February or March, 1924, being the first act of carnal knowledge between the defendant, James Arn, and the prosecuting witness, Ethel Haney."

The indictment was returned on September 9, 1927, and the trial was had on September 29, 1927.

It is earnestly insisted for the defendant that his motion for a peremptory instruction at the conclusion of the evidence for the commonwealth should have been sustained, for it showed the offense to have been committed

in February or March, 1924, or more than three years before the finding of the indictment, and the indictment charged that the offense was committed within twelve months past. Section 129 of the Criminal Code provides:

"The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense."

In McCreary v. Com., 158 Ky. 612, 165 S. W. 981, there was a like indictment. It was charged in the indictment that the offense was committed on the —— day of ———, 1912, but the commonwealth proved the commission of the offense in 1909 or 1910; holding the conviction proper, after quoting section 129 of the Code the court said:

"In charging a felony time is not material, for the commonwealth may prove the commission of the offense at any time prior to the finding of the indictment, and it has been held by this court that the defendant must be tried under the law in effect at the time the offense was committed."

To the same effect is Riley v. Com., 190 Ky. 204, 227 S. W. 146, where in a like case the court again held that time is not material if the female was under the age of consent when the offense was committed, and the commonwealth may prove the commission of the offense at any time prior to the finding of the indictment.

It is also urged that the allegation that the woman was not the wife of the defendant is necessary to be proved, and that on the trial there was no proof of this allegation. This question was fairly submitted to the jury by the instructions of the court, and so the question is, was there evidence sufficient to warrant the submission of the question to the jury or to sustain the verdict of the jury? Ethel Haney was introduced as a witness for the commonwealth, and told the story of her life since she was about 13 years old. She met the defendant when she was about 14. She filed with her testimony a number of letters written to her by him, all of which were address to her as "Miss Ethel Hanley." The letters produced are not those of a man to his wife. She lived with her father and her mother was dead; she was the housekeeper. In addition to this, the defendant intro-

duced four witnesses who testified that she, when the defendant ceased to pay her attention, demanded money, or marriage. The demand of marriage was inconsistent with the idea that she was his wife. It cannot be said therefore that the court erred in submitting the question to the jury or that the verdict of the jury is against the evidence. The defendant did not testify. The testimony of the plaintiff as to what had occurred between them stood uncontradicted by him.

Under section 340 of the Criminal Code, a judgment of conviction may only be reversed when upon consideration of the whole case the court is satisfied that the substantial rights of the defendant have been prejudiced by some error in the trial. The court is unable to see that there was any error to the prejudice of the defendant's substantial rights here.

Judgment affirmed.