# Garrison v. Commonwealth.

(Decided March 25, 1932.)

HINES & WILLIS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment convicting appellant of seduction under promise of marriage, and fixing his punishment at one year's imprisonment.

According to the prosecutrix, who had been engaged in carrying the mail to Morgantown, appellant had visited her off and on for some time. In December, 1929, they agreed to marry, and about January 1, 1930, he had intercourse with her. Several acts of intercourse followed until he quit in June. All of this occurred at her home in a room to which the door was unlocked, and

often when others were in the next room. On the other hand appellant denied both the promise and the intercourse. There was also evidence that the prosecutrix had been more or less friendly with other men, and several witnesses testified that her reputation for morality was bad, while perhaps an equal number testified that her reputation was good until the facts of this case were brought to light. A young man, who had known prosecutrix, testified that, on one occasion while they were at Sunday school at the Temple View Church, prosecutrix, who was seated in front of him, turned and told him that she was in trouble and asked him to marry her, but he declined to consent to the arrangement. He refused to answer whether he had maintained improper relations with the prosecutrix.

The prosecution is under section 1214, Kentucky Statutes, which reads:

"Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony and, upon conviction thereof, shall be confined in the penitentiary not less than one year nor more than five years. No prosecution shall be instituted where the person charged shall have married the girl seduced, or offer and be willing to marry her, unless he shall wilfully and without such cause as constitutes a statute ground of divorce to the husband, abandon or desert her within three years after the date of the marriage, and any prosecution instituted shall, upon the request of the defendant, be suspended if the party accused marry the girl seduced before final judgment; but the prosecution shall be renewed and proceed as though no marriage had taken place if the accused shall wilfully and without such cause as constitutes a statutory ground of divorce to the husband abandon or desert his wife within three years after the marriage. All prosecutions under this section shall be instituted within four years after the commission of the offense."

The purpose of the statute was to deter the evil denounced, and, while doubtless the results accomplished have justified its enactment, it has sometimes been used as an instrument to bring about injustice. Rarely is it invoked unless the woman expects to become, or has

become, a mother. When that situation develops the promise of marriage is easily supplied, with the result that, with the woman's word against that of the man, a verdict of guilty usually follows. Because of the dangerous character of the prosecution, and the opportunities to use the statute for a purpose not contemplated, it is all important that the trial be free from error reasonably calculated to prejudice the rights of the accused.

The indictment reads: "The Grand Jury of the County of Butler in the name and by the authority of the commonwealth of Kentucky, accuse Leo Garrison of the offense of unlawful seduction under promise of marriage committed as follows, to-wit: The said Garrison heretofore, to-wit: On the ——— day of ——— A. D. 192—, and before the finding of this indictment in the County aforesaid, did unlawfully, wilfully, and feloniously and while under the promise of marriage seduce, have carnal knowledge of and sexual intercourse with Beulah Wingfield, who was then and there under the age of 21 years, a female person and not his wife and he the said Leo Garrison being then and there of and above the age of 21 years." The word "under" in the statute is not used in the sense of "during the existence of," but has the meaning of "by" or "by reason of" or "by means of." An act of intercourse induced simply by mutual desire of the parties to gratify a lustful passion does not fall within the statute. The gist of the offense is the promise, and the yielding in consequence thereof. "The offense is committed if the man has carnal intercourse to which the woman assented, if such assent was obtained by a promise of marriage made by the man at the time, and to which, without such promise, she would not have yielded." Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 898, 1 A. L. R. 617; Hoskins v. Commonwealth, 188 Ky. 80, 221 S. W. 230; People v. De Fore, 64 Mich. 693, 31 N. W. 585, 8 Am. St. Rep. 863. In short, the woman must have relied on the promise, or have been induced thereby to yield her virtue. In employing the words, "while under the promise of marriage," the indictment proceeds on the theory that, if the act of intercourse follows the promise, it is a crime under the statute, regardless of whether the yielding is induced by the promise or not. Thus it leaves out an essential element of the crime, and is therefore defective. Whether we would reverse for this defect alone,

we need not decide, as the indictment is insufficient on another ground. Ordinarily, felonies are not barred by limitation, and, time not being material, all that is necessary is to allege or state facts showing that the offense was committed before the finding of the indictment. Criminal Code of Practice, sec. 129. Gratz v. Commonwealth, 96 Ky. 162, 28 S. W. 159, 16 Ky. Law Rep. 465; Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683; Richards v. Commonwealth, 195 Ky. 333, 242 S. W. 591. But the offense here involved is an exception to the general rule. The statute provides: "All prosecutions under this section shall be instituted within four years after the commission of the offense." It is the established rule that, where a prosecution may be barred by lapse of time, the indictment must allege that the offense was committed within the time limited, or within a period short of that time, or the date of the offense must be stated within that time. Baugh v. Commonwealth, 241 Ky. 195, 43 S. W. (2d) 671; Patrick v. Commonwealth, 196 Ky. 18, 244 S. W. 72. Neither requirement was met by the indictment in question. The date of the offense was left blank, and it was not alleged that the offense was committed within four years before the finding of the indictment, or within any period short of that time. Therefore the indictment is fatally defective. Commonwealth v. Bowling Green Athletic Club, 199 Ky. 96, 250 S. W. 795; Commonwealth v. T. J. Megibben Co., 101 Ky. 195, 40 S. W. 694, 19 Ky. Law Rep. 291.

This conclusion makes it unnecessary to consider any of the other questions involved.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.