## Commonwealth v. Dickerson.

(Decided March 19, 1935.)

BAILEY P. WOOTTON, Attorney General, G. MURRAY SMITH and DAVID C. WALLS, Assistant Attorney General, for appellant.

J. P. CHENAULT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

On May 8, 1934, the grand jury of Madison county returned an indictment accusing Foster Dickerson of the crime of seduction of an infant female under promise of marriage committed as follows:

"That said Foster Dickerson on the 8th day of May, 1934, in the county aforesaid and before the finding of this indictment, did unlawfully, wilfully and feloniously, under promise of marriage, seduce and have carnal knowledge of and sexual intercourse with Mildred Hall, a female under 21 years of age, against the peace and dignity of the Commonwealth of Kentucky."

The defendant's demurrer to the indictment was first overruled. Thereupon he moved for a bill of particulars, which motion was sustained, and the commonwealth avowed that the act complained of was committed on July 17, 1933. The commonwealth then introduced its testimony, and at the conclusion thereof the defendant renewed his demurrer to the indictment. The demurrer was then sustained and the indictment was dismissed. The commonwealth appeals for the purpose of having the law certified.

Section 129, Criminal Code of Practice, reads:

"The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense."

Section 1138, Kentucky Statutes, requires that, with certain exceptions, prosecutions for misdemeanors shall be commenced within one year after the offense was committed. That being true, time is material, and it is the settled rule that an indictment for a misdemeanor should allege that the offense was committed within one year before the finding of the indictment, or should fix the date of the offense within that time. Patrick v. Commonwealth, 196 Ky. 18, 244 S. W. 72; Stinnett v. Commonwealth, 200 Ky. 297, 254 S. W. 920.

Prosecutions for felony are not barred by lapse of time "unless otherwise specially provided." Section 1138, Kentucky Statutes. With respect to such felonies, all that is necessary is to allege or state facts showing that the offense was committed before the finding of the indictment. Criminal Code of Practice, sec. 129; Gratz v. Commonwealth, 96 Ky. 162, 28 S. W. 159, 16 Ky. Law Rep. 465; Richards v. Commonwealth, 195 Ky. 333, 242 S. W. 591. However, it is "otherwise specially provided" that "all prosecutions under this section [section 1214, Kentucky Statutes, punishing seduction under promise of marriage] shall be instituted within four years after the commission of the offense." Therefore it was necessary for the indictment to allege that the offense was committed within four years before the finding of the indictment, or to fix the date of the offense within that time. Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. (2d) 1028. The question is, Does the indictment conform to this rule? The indictment does not state that the offense was committed within four years before the finding of the indictment, but does allege that the offense was committed on May 8, 1934, the day the indictment was returned. In numerous cases involving prosecutions that might be barred by time, we have held that an indictment charging that the offense was committed on the day the indictment was returned sufficiently charges the commission of the offense prior to the finding of the indictment, and fixes the date of the offense within the statutory period. Alverson v. Commonwealth, 196 Ky. 192, 244 S. W. 401; Morgan v. Commonwealth, 172 Ky. 684, 189 S. W. 943, and cases cited. We therefore conclude that, although it is necessary for an indictment charging seduction to allege that the offense was committed within four years before the finding of the indictment, or to fix the date of the offense within that time, an indictment that al-

leges that the offense was committed on the day the indictment was returned is sufficient. Of course, the indictment was not rendered insufficient by the bill of particulars which fixed the date of the offense on July 17, 1933, or within four years before the finding of the indictment.

Wherefore, this opinion is certified as the law.