## Scalf v. Commonwealth.

(Decided Feb. 4, 1936.)

J. B. CAMPBELL for appellant.

B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Ben Scalf appeals from a three-year sentence for seduction under promise of marriage.

The indictment is not subject to the defect in the indictment in the case of Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. (2d) 1028, where the seduction was charged "while under promise of marriage." On the contrary, it follows the language of the statute (Ky. St. sec. 1214), is in the usual form, and sufficiently alleges the intercourse, the promise, and the yielding of the prosecutrix in consequence thereof.

The prosecutrix testified to the intercourse and the promise of marriage, and stated that she would not have yielded had it not been for the promise. On the other hand, appellant admitted the intercourse, but denied the promise. It is at once apparent that there is no merit in the contention that the verdict is not sustained by the evidence.

The insistence that the court erred in not giving the whole law of the case presents a more serious question. One witness testified to an act of intercourse with the prosecutrix and another testified to a promise of intercourse which she did not keep. The rule deducible from the authorities is that an instruction couched in the language of the indictment, which follows the statute, sufficiently defines seduction unless the question of chastity is at issue on the evidence, when it must be defined so as to include and present this element of the offense for consideration by the jury. Bush v. Commonwealth, 205 Ky. 14, 265 S. W. 468. Thus in Berry v. Commonwealth, 149 Ky. 398, 149 S. W. 824, Hudson v. Commonwealth, 161 Ky. 257, 170 S. W. 620, Gaddis v. Commonwealth, 175 Ky. 183, 193 S. W. 1052, we held that, where issue was joined on the question of chastity, it was prejudicial error not to define seduction, and approved the following instruction:

"The defendant is not guilty unless [Mildred Wilcox] was at the time complained of, and had been for a reasonable time theretofore, a woman of chaste conduct. Though there had been formerly unchastity on her part, this does not exonerate the defendant, if for a reasonable time before the acts complained of she had been leading a virtuous life."

There being evidence in this case tending to show that the prosecutrix was unchaste, we think it was error not to give an instruction similar to the above.

Referring to the prosecutrix, her mother testified as follows: "She said she was engaged to get married to Ben Scalf. I did not want her to go with him. She said she loved him and was engaged to him, and as soon as he got a job they was going to get married." Appellant's counsel's objection to the evidence and motion to exclude were overruled. This was error.

The evidence was pure hearsay, and as it bore on the promise of marriage and enabled the prosecutrix to confirm her own testimony by what she had said to her mother, there can be no doubt that it was prejudicial.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.