## Harris v. Commonwealth.

(Decided May 28, 1937.)

812

THOMAS D. SHUMATE for appellant.

HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

The grand jury of Estill county returned a true bill charging appellant with the offense of unlawfully and feloniously having carnal knowledge of a female under the age of twenty-one years, under promise of marriage. Ky Stats. 1936, sec. 1214. Upon trial he was found guilty and punishment fixed at three years in the penitentiary. Motion for a new trial was overruled and, from a judgment entered in accordance with the verdict, the accused has prosecuted this appeal, contending that:

(1) The court erred in refusing to peremptorily instruct the jury to find appellant not guilty.

(2) The verdict is flagrantly against the law and the evidence.

(3) The court erred in failing to instruct the jury on the whole law of the case.

Prosecutrix testified that she had been keeping company with accused for about six or eight months, when in October, 1935, under promise of marriage, she engaged in sexual relations with him. The appellant admits that he had so engaged in such relation but says there was never a promise to marry her. In his behalf he introduced two other men who testify that they had engaged with her in illicit intercourse, one of them quite frequently several years prior to October, 1935.

The other witness is not definite as to the time when he began going with prosecutrix, but indicates that he continued to visit her during the time accused was keeping "steady company" with her.

The prosecutrix, on direct examination, said that she had never had intercourse with any one save accused, and that her first misstep was solely because of the promise of marriage. On rebuttal she denied the statements made by appellant's witnesses.

Ground No. 1 is easily disposed of, since we conclude that the evidence of the prosecutrix alone was sufficient to carry the case to the jury.

Ground No. 2 may be disposed of by saying that having gone to the jury they had the sole right to weigh the evidence, and to measure the credibility of the witness. Appellant insists that the two grounds above mentioned are meritorious, because the proof of the age of prosecutrix was not sufficiently proven.

The prosecutrix testified unequivocally that she was under twenty-one years of age, at the time of the act complained of in October, 1935. Not only this, but she gave the date of her birth, which showed, from a simple calculation, that she was under twenty-one years of age at the time mentioned.

Appellant's counsel did not cross-examine prosecutrix regarding her age. No proof was offered to contradict her unequivocal testimony. There was no issue of fact on that point; had there been such, the question would have been for the jury. We have held that in cases of this kind the evidence of the prosecutrix is sufficient, subject at all times, of course, to contradictory proof. In Chaney v. Com., 149 Ky. 464, 149 S. W. 923, 924, we said: "While, strictly speaking, one cannot know his own age, except from hearsay information, the courts have commonly preferred to accept as testimony the practical certainty, based upon one's information as to his age, rather than to insist on academic nicety." This does not present a question of the testimony of an immature child. The prosecutrix was past twenty years of age, and by her testimony showed that she was a person of intelligence.

The third ground presented seems to us to be meritorious, when reviewed in the light of former opinions of this court bearing on a similar complaint.

The court, in addition to the usual reasonable doubt instruction, gave one other, in which he told the jury if upon their belief from the evidence, beyond a reasonable doubt, that accused had committed the act, and in the manner complained of, they should find him guilty if, at the time, the prosecutrix was under twenty-one years of age, and was a woman of previous chaste character.

Appellant in support of his contention relies on the case of Scalf v. Com., 262 Ky. 469, 90 S. W. (2d) 729, wherein, as here, there was an issue as to the chastity of prosecutrix. Following that case, and the numerous cases cited therein, it appears that the court committed a reversible error in not adopting the instruction defining seduction as therein set out, and which had been directed in the cases cited in the Scalf Case, supra, beginning with Berry v. Com., 149 Ky. 398, 149 S. W. 824. The Attorney General concedes the correct rule, which we conclude must prevail where an issue of fact is joined on the question of chastity.

We need not here copy the instruction given in cases where the issue is joined, as in the instant case. Reference may be had to either the Scalf or Berry Cases.

For the reason indicated, we are compelled to reverse the judgment below and grant a new trial consistent herewith.