## Peyton v. Commonwealth.

Dec. 9, 1941.

602

Montgomery & Montgomery and H. Myer Garner for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant was tried and convicted in the Casey circuit court and sentenced to the penitentiary for two years under an indictment charging him with the crime of seduction. The indictment charged that appellant, under promise of marriage, seduced and had carnal knowledge of Dorthy Brown, a female under the age of 21 years and not a married woman.

The prosecutrix testified that she had known appellant all her life and kept company with him in 1936, at which time she was only 20 years old; that she and appellant became engaged to be married in May, 1936, and that appellant had sexual intercourse with her about the 1st of June, 1936. She was asked to tell the jury under what circumstances she had submitted to appellant and had intercourse, and she answered:

"We became engaged the last of May and he said we would be married that fall and we would have intercourse during the summer until we were married." "Q. Would you have submitted and had intercourse with him had he not promised to marry you? A. No, sir."

She further stated in response to questions that she had not had sexual intercourse with any one else before that time nor since.

Appellant testified that he kept company with prosecutrix in August, 1936, and awhile thereafter, but he denied that he was associated with her in May or June, 1936. He testified that he had sexual intercourse with the prosecutrix in August, 1936, but denied there was anything said between them about marriage; or that they were ever engaged to be married at any time; or that he ever promised prosecutrix that he would marry her. For the purpose of showing that prosecutrix was unchaste about the time that she and appellant were associating together, appellant introduced as witnesses

about four other men, all of whom testified that they had had sexual intercourse with prosecutrix along about the years 1935 and 1936, all of which prosecutrix denied in her rebuttal testimony.

The first ground argued in brief of appellant for reversal is that the court erred in refusing to instruct the jury to find appellant not guilty at the close of the testimony for the Commonwealth, and refusing a like motion made at the close of all the evidence. It is insisted that appellant's motion should have been sustained for the following reasons: (1) because there was a fatal variance between the proof and indictment as to the date of the offense; (2) because the Commonwealth failed to prove all the elements of the offense by failing to show whether the complaining witness was married or single at the time of the offense; and (3) because the Commonwealth failed to prove all the elements of the offense by failing to show that the appellant had used any wiles, blandishments, or devices in order to induce prosecutrix to have intercourse with him. We will dispose of the above points in the order named.

(1) The alleged variance between indictment and the proof is that the indictment charged that the offense was committed in 1939 and the proof to sustain this charge shows that the offense was committed in 1936. On this point but little need be said. It is commonly known that indictments charge that the offense for which the accused is indicted was committed within the year or about the time the indictment was returned, but it is sufficient if the Commonwealth proves that the offense was committed anytime before finding of indictment or within the statutory limitations, unless the time be a material ingredient in the offense. Section 129, Criminal Code of Practice, and cases cited in notes thereto. Section 1214, Kentucky Statutes, under which the indictment is drawn, provides that all prosecutions under that section shall be instituted within four years after the commission of the offense. This prosecution was instituted within three years. In the case of Arn v. Commonwealth, 225 Ky. 444, 9 S. W. (2d) 47, it was held that evidence showing that rape was committed over three years before the finding of the indictment which charged that the offense was committed within the year the indictment was returned did not entitle defendant to peremptory instruction.

(2) This complaint relates to the proof of the single or married status of prosecutrix at the time of the commission of the offense. The argument is that to prove the offense it was necessary that the Commonwealth prove that prosecutrix was a single woman at the time of her alleged seduction, and in support of this contention the case of Commonwealth v. Wright, 27 S. W. 815, 816, 16 Ky. Law Rep. 251, is cited. We think the case, supra, has but little, if any, bearing on the question under consideration. In defining the words "any female under 21 years of age," the court said that meant any chaste, unmarried female. It is to be noted, however, that the statute on which that indictment was founded has been amended and now appears as Section 1214, which merely says "any female under twenty-one years of age," but does not make any reference to her married or single status. In Davis v. Commonwealth, 98 Ky. 708, 34 S. W. 699, it was held that an indictment under Section 1214 of the Kentucky Statutes for the offense of seducing a female under 21 years of age under the promise of marriage need not allege that the defendant, nor the woman seduced, was unmarried, it being sufficient that the indictment should follow the language of the statute. While the indictment in the present case alleges that Dorthy Brown was not a married woman at the time of the alleged seduction, it would appear under the authorities, supra, that the language "not a married woman," contained in the indictment, is surplusage. Also, in Miller v. Commonwealth, 270 Ky. 378, 109 S. W. (2d) 841, where the same question was involved, it was held that the indictment which failed to charge that at the time of the seduction the accused and his victim were both unmarried, was not defective.

It is fundamental that the Commonwealth is only required to prove such allegations of an indictment that are necessary to constitute the commission of the offense charged. It follows, therefore, that if an indictment contains an unnecessary allegation, or surplusage, it is not necessary for the Commonwealth to prove such unnecessary allegation.

The Legislature, in enacting the statute, did not see cause to specifically require the woman to be unmarried, for the reason no doubt that unmarried women only may be seduced *under promise of marriage*. The language of the statute "seduced * * * under promise of

marriage'' implies unmarried women, or, negatives any idea that married women may be seduced under promise of marriage. It would be unreasonable to presume that a married woman would procure an indictment against a man for seduction under promise of marriage. If such a thing should happen, however, the alleged seducer might have the right to show that the woman was married at the time of the alleged seduction, as evidence that she did not yield or submit to sexual intercourse because of a promise of marriage, since it would be presumed that the woman would know that her alleged seducer could not marry her. This, however, would be a defensive matter.

Furthermore, the evidence strongly indicated that prosecutrix was unmarried. She testified that she lived in the home with her parents at the time of the seduction and that she had never had sexual intercourse with any one except the appellant. And further, the appellant in his own testimony offers as his sole defense that he did not promise to marry prosecutrix, nor were they engaged to be married or anything said about marriage, but he does not claim that prosecutrix was a married woman at the time. For the reasons stated, it is obvious that appellant's rights were not prejudiced by the failure of the prosecutrix to specifically state that she was an unmarried woman at the time of the act complained of.

(3) The next contention is that the Commonwealth failed to show the use of any seductive wiles, blandishments, etc., and that if appellant had sexual relations with prosecutrix under a mere engagement or promise of marriage, that alone is not sufficient, and to support his position numerous cases are cited, including Powell v. Commonwealth, 253 Ky. 68, 68 S. W. (2d) 754. That case is easily distinguishable. It appears that the prosecuting witness testified only that she and her alleged seducer were engaged to be married and that about two months later he had intercourse with her. She did not state that she yielded or submitted to the act of intercourse by reason of a promise of marriage, but for which she would not have submitted. In the case at bar the prosecutrix testified not only that she and appellant were engaged to be married, but that she yielded or consented to the act of intercourse because of the promise of marriage, but for which she would not have com-

mitted the act. Also, the case of Miller v. Commonwealth, 270 Ky. 378, 109 S. W. (2d) 841, is cited for appellant. We do not construe that opinion to hold that when the seduced woman testified that she submitted to sexual intercourse because of her seducer's promise of marriage and but for which she would not have committed the act, that there must be additional proof of other seductive acts and conduct on the part of the seducer. Also, the case of Duggins v. Commonwealth, 217 Ky. 688, 290 S. W. 514, is cited. That opinion comes within the same category as the Miller case, supra, in that, it does not support appellant's position. It appears that some old opinions rendered years ago, and perhaps under a statute somewhat different from the present statute, might tend to support appellant's position on this point, but the trend of all modern opinions under our present statute is to the effect that proof of the seduced woman's submission to sexual intercourse induced by the seducer's promise of marriage is sufficient without showing additional inducements or seductive acts.

The next complaint relates to certain alleged improper evidence admitted in behalf of the Commonwealth, the objections being that certain questions were leading and for that reason prejudicial. The Commonwealth's attorney asked the prosecutrix these questions:

"Q. Would you have submitted to him but for his promise of marriage? (Objected to by counsel for defendant and the court overrules the objections.)

"Q. Would you have submitted and had intercourse with him had he not promised to marry you? A. No, sir."

Conceding that the questions were more or less leading, appellant cannot now complain of any prejudicial effect, if any, it might have had, since counsel for defendant merely objected to the first question but saved no exception to the court's ruling thereon, nor was there any objections to the last question, nor any motion to strike the answer or other exceptions taken thereto.

Another complaint is that the prosecutrix was permitted to testify that she became pregnant and that the questions by the Commonwealth's attorney eliciting from her this evidence were also leading. Without dis-

cussing the merits or demerits of this question, it is sufficient to say that the bill of evidence discloses that defendant's counsel objected to only one of the number of question asked about prosecutrix being pregnant, and that was when the witness attempted to state something that defendant had said, but no exception was saved to the court's ruling. And further, on cross-examination appellant's counsel examined the witness at length about her becoming pregnant. In the case of Coffman v. Commonwealth, 197 Ky. 498, 247 S. W. 355, the court held that regardless of the court's ruling pertaining to evidence of pregnancy, the defendant could not complain "since on the cross-examination of the witness he brought out the same fact, as well as the date of the birth of the child, and when the witness first informed her mother of her condition." In the present case it appears that defendant's counsel brought out not only the same facts as were brought out on direct examination on the question of pregnancy, but in fact elucidated some of the facts and extended the evidence further. Since no exception was saved to the court's ruling on defendant's objections to the evidence (see Slone v. Commonwealth, 241 Ky. 188, 43 S. W. (2d) 664), and defendant having brought out the same facts, and probably more, pertaining to the same question, we do not think he can now complain of any prejudicial effect, if any, it might have had.

It is next argued that the verdict is against the law and the evidence. On the question of whether defendant and prosecutrix were engaged to be married, we have only the evidence of the prosecutrix on one side and that of appellant on the other, which is diametrically in conflict. On the question of prosecutrix' chastity or unchastity at the time of the act complained of, it might be said that the verdict was contrary to the preponderance of the evidence. Be that as it may, however, it has been held in numerous cases that a conviction may be had on a charge of seduction upon the evidence of the prosecuting witness alone. Wolfe v. Commonwealth, 229 Ky. 385, 17 S. W. (2d) 219, 64 A. L. R. 263; Harris v. Commonwealth, 268 Ky. 811, 105 S. W. (2d) 1051.

The jury being the judge of the credibility of witnesses and the weight to be given their testimony, we are unable to say that the evidence is insufficient to sustain the verdict.

Appellant next insists that the court failed to instruct the jury on the whole law of the case. The court gave these instructions:

"No. 1. If the jury believes from the evidence beyond a reasonable doubt that the defendant, Floyd Peyton, in Casey County and within 4 years before the finding of the indictment, unlawfully, and feloniously seduced and had carnal knowledge of Dorthy Brown, a female, under the age of 21 years, under the promise of marriage, they will find him guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than one year nor more than five years.

"No. 2. The defendant is not guilty unless Dorthy Brown was at the time complained of, June 1936, and had been for a reasonable time theretofore; a woman of chaste conduct.

"No. 3. If the jury have a reasonable doubt of the defendant having been proven guilty they will find him not guilty."

The criticism is directed to instruction No. 2 because it failed to require the jury *to believe beyond reasonable doubt* that Dorthy Brown was a woman of chaste character, etc. In Scalf v. Commonwealth, 262 Ky. 469, 90 S. W. (2d) 729, the court pointed out that in a number of cases (cited in that opinion) the court had approved of an instruction on the question of chastity which did not require the jury to believe beyond reasonable doubt that the woman was chaste. Instruction No. 2 is substantially the same form as the approved one referred to above. Furthermore, it is to be noticed that by instruction No. 3 the jury were told that if they have a reasonable doubt of the defendant having been proven guilty they will find him not guilty. Since instruction No..2 told the jury that defendant was not guilty unless Dorthy Brown was chaste, etc., as set out therein, and instruction No. 3 told them that if they had a reasonable doubt of the defendant having been proven guilty, they would find him not guilty, evidently the jury understood from the instructions read together that it was their duty to acquit appellant unless they believed beyond reasonable doubt that Dorthy Brown was chaste.

If it be conceded that the correctness of the instruction approved in the Scalf case, supra, is doubtful, and

that instruction No. 2 standing alone, given in the present case, would be doubtful, yet once instruction No. 3 is read in connection with instruction No. 2, we think any jury of average intelligence would understand that they must believe beyond reasonable doubt that Dorthy Brown was chaste before they could find appellant guilty, since that was the only reasonable interpretation to be given the instructions. Byrley v. Commonwealth, 264 Ky. 403, 94 S. W. (2d) 1008.

Finding no error prejudicial to the substantial rights of appellant, the judgment is affirmed.