## Castle v. Commonwealth.

Feb. 19, 1943.

P. H. Vincent for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

This appeal is from a three year sentence to the penitentiary for seduction under promise of marriage. Grounds urged for reversal are 1) that the evidence was not sufficient to sustain the verdict and 2) that the instructions were erroneous.

The evidence is brought up in narrative form. According to the prosecuting witness, who was 17 or 18 years of age, she had been keeping company with appellant for some time before the claimed seduction and during that time appellant had asked her to marry him. In the month of December, 1940, she and appellant, while partially intoxicated, had sexual intercourse upon his agreement and promise to marry her. She admitted certain indiscreet actions with other men during the time she was keeping company with appellant but denied unchastity on her part.

Appellant admitted the intercourse but denied the promise of marriage. However, the narrative of the testimony contains this statement: ''Defendant admitted that at one time he had promised to marry the prosecuting witness but that she refused to marry him.'' Appellant also testified that the prosecuting witness had had intercourse with two other men and that he would not marry her because of her reputation. One of the men referred to testified that he had intercourse with the prosecuting witness about the time she was going with appellant.

It is contended that the prosecuting witness did not at any time state that her yielding was ''the direct re-

sult of appellant's promise to marry her" and that consequently there was no showing that the carnal knowledge was under promise of marriage, an essential to conviction under KS Section 1214 (now KRS 436.010). This contention is devoid of merit since, as indicated above, the prosecuting witness testified that she engaged in the act of intercourse upon appellant's agreement and promise to marry her. There was a sharp conflict in the evidence as to whether the carnal knowledge, admitted by appellant, was had under promise of marriage and as to whether the prosecuting witness was chaste at the time. We would not be justified in holding that the verdict was flagrantly against the evidence on these issues.

The next contention is that the instructions were erroneous because of the failure of the court to instruct that appellant could not be found guilty unless at the time complained of the prosecuting witness was a woman of chaste conduct. In Scalf v. Com., 262 Ky. 469, 90 S. W. (2d) 729, following previously decided cases, it was held that where issue is joined as to chastity an instruction of this type must be given. But such an instruction was in fact given here. The jury were instructed that before they could find the defendant guilty they must believe from the evidence beyond reasonable doubt "that at the time defendant first had sexual intercourse with the prosecuting witness, Laura Bryant, that the said Laura Bryant was a chaste and virtuous woman." Thus, the rule laid down in the Scalf case, relied on by appellant, was fully complied with.

Finally, it is suggested than an instruction should have been given as to appellant's offer to marry the prosecuting witness before the case was called for trial. But, even though it be assumed that such an issue is one submittable to the jury, the evidence fails to show such an offer. The bill of exceptions merely shows that "at one time he had promised to marry the prosecuting witness but that she refused to marry him." It is impossible to tell whether this refers to a promise before the act of intercourse or after the prosecution was begun. There was no error in failing to give such an instruction.

While the narrative of the evidence leaves us with a feeling of doubt that the prosecuting witness submitted herself to appellant by reason of his promise to marry her, nevertheless it appears that appellant had a fair

and impartial trial and we would be invading the province of the jury were we to hold that the verdict was flagrantly against the evidence.

Affirmed.