# Nunley v. Commonwealth.

April 27, 1948.

W. A. Daugherty for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This is an appeal from a judgment of the Pike Cir-

cuit Court convicting appellant of the crime of seduction under promise of marriage and fixing his punishment at 2 years' imprisonment.

## Basis of the Appeal.

The basis of the appeal and the grounds upon which reversal of the judgment is sought are: (1) That the court erred in overruling the demurrer to the indictment; (2) The court erred in giving instruction No. 1 to the jury and in not instructing the jury as to the whole law of the case; (3) The verdict of the jury is flagrantly against the evidence and is the result of passion and prejudice on the part of the jury. These objections will be considered in the order given.

## The Indictment

■ (A) Omitting the caption, the formal parts and the signature, the indictment reads as follows:

"The Grand Jury of Pike County, in the name and by the authority of the Commonwealth of Kentucky, accuse Taulbee Nunley of the crime of *seducting* and having carnal knowledge of a female under 21 years of age on the promise of marriage, committed in manner and form as follows, to-wit:

"The said defendant, Taulbee Nunley of the county of Pike, on the 6th day of February, A. D. 1947, and before the finding of this indictment, did unlawfully, wilfully, feloniously and under promise of marriage, *seduced* and did have carnal knowledge of Francis Baker, a female under 21 years of age." (Italics ours.)

So much of KRS 436.010 under which this indictment is drawn, as is material, reads as follows:

"(1) Any person who, under promise of marriage, seduces and has carnal knowledge of any female under twenty-one years of age, shall be confined in the penitentiary not less than one nor more than five years. * * * (4) All prosecutions under subsection (1) of this section shall be instituted within four years after the commission of the offense."

Appellant contends that there is no such public offense known to the law as that stated in the accusatory part of the above indictment. He apparently bases this

contention on the use of the word "seducting" instead of the word "seducing." It is true that there is no such word as seducting in the English language according to Webster's Dictionary and, of course, the word seducing should have been used in the accusatory part of the indictment. However, it is clear that the substitution of the word seducting for the word seducing is a clerical misprint and could not have misled or have been prejudicial to the appellant. As was said by this court in the case of Gaither v. Commonwealth, 91 S. W. 1124:

"Misspelling, false grammar, and erroneous punctuation will not vitiate an instrument, statute, indictment, or contract, where its fair intent can be gathered from the whole text." (Citing cases.)

We cannot conceive that appellant could have been misled by the misspelling of this word in the indictment and we hold that the document fairly and with reasonable certainty apprized him of the offense and the essential, particular circumstances with which he was charged. It is clear that there is no such variance between the crime charged in the accusatory part of the indictment and the crime charged in the descriptive part thereof as existed in the case of Privett v. Commonwealth, 233 Ky. 471, 26 S. W. 2d 3, cited and relied on by appellant. In that case the accusatory part of the indictment accused the defendant of the common law offense of arson, which is the felonious burning of a dwelling, and the descriptive part charged him with committing the statutory offense of feloniously burning a store house, a different offense. Surely there is no such variation between the accusatory and descriptive part of the indictment in the present case, and both parts are substantially in the language of the statute quoted above.

(B) As a further attack on the sufficiency of the indictment, appellant contends that it fails to show that the offense charged was committed within 4 years preceding the indictment as required by subsection (4) of KRS 436.010, as set out above. He cites and relies on Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. 2d 1028, 1029. In that case, which was a prosecution for the same offense as in the present case, neither the accusatory nor the descriptive part of the indictment al-

leged that the offense had been committed within 4 years, and the date of its commission was not stated, the blanks, which would have shown the dates, not having been filled in. It was held that the indictment was defective, the court saying:

"It is the established rule that, where a prosecution may be barred by lapse of time, the indictment must allege that the offense was committed within the time limited, or within a period short of that time, *or the date of the offense must be stated within that time.*" (Italics ours.)

In the case at bar, the descriptive part of the indictment shows the offense to have been committed on February 6, 1947, and the indictment was returned at the February 1947 term of the Pike Circuit Court, presumably the same date, thus showing on its face that the offense was committed within the 4 year required statutory period. It was not necessary for the indictment to specifically allege that the offense was committed within 4 years of the finding of the indictment if it showed on its face the date the crime was committed and that date was, in fact, within the 4 year period. This court so held in the case of Commonwealth v. Dickerson, 258 Ky. 446, 80 S. W. 2d 540, 541, in which case a violation of the same statute was involved and in which case the law was certified by this court. There we said:

"We therefore conclude that, although it is necessary for an indictment charging seduction to allege that the offense was committed within 4 years before the finding of the indictment, or to fix the date of the offense within that time, an indictment that alleges that the offense was committed on the day the indictment was returned is sufficient."

(C) Appellant also insists that another fatal defect in the indictment is that it fails to state that the alleged seduction was accomplished not only under promise of marriage but by reason thereof. We do not think that this contention has any merit. It has always been held sufficient that the indictment follow the language of the statute. If the legislature had intended that the seduction must not only be "under promise of marriage" but must be "under the promise of marriage and by

reason thereof," it would have said so. But it did not. We do not construe Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 897, 1 A. L. R. 617, cited and relied on by appellant, to hold an indictment defective which does not specify that the act was done under promise of marriage and by reason thereof but rather that if it was so stated in the indictment, it must be so proved. It was said in that case:

"* * * it (is) incumbent upon the commonwealth to prove the essential facts charged in the indictment, which were: First, the act of seduction or intercourse; and, second, that it was accomplished under and by reason of a promise of marriage on his part."

The case went off on other questions and is not authority for the statement that the indictment must allege not only that the seduction was under promise of marriage but by reason thereof. In the case of Garrison against the Commonwealth, supra, there was also some loose language employed which at first blush seems to lend credence to the idea that an indictment is defective which does not allege that the seduction was accomplished under and by reason of the promise of marriage. A careful examination of that case will show that it does not so hold. The defect in the Garrison indictment was the use of the words "while under the promise of marriage." This was pointed out in the later case of Scalf v. Commonwealth, 262 Ky. 469, 90 S. W. 2d 729, in which the indictment followed the language of the statute, as indicated in the following language in the latter case:

"The indictment is not subject to the defect in the indictment in the case of Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. 2d 1028, where the seduction was charged 'while under promise of marriage.' On the contrary, it follows the language of the statute (Ky. Stats. sec. 1214), is in the usual form, and sufficiently alleges the intercourse, the promise, and the yielding of the prosecutrix in consequence thereof."

We hold that an indictment worded, in the language of the statute, is sufficient and under it the essential elements of the crime, as defined in our decisions, can be proven.

We, therefore, conclude that the contention of the appellant that the indictment is defective is not sustained on any of the three grounds advanced by him.

## The Instructions

■ The court gave the following instructions to the jury:

### No. 1

"If you believe from the evidence in this case beyond a reasonable doubt that the defendant, Taulbee Nunley, in Pike County and before the finding of the indictment herein, and at Hopkins Garage in December, 1945, under promise of marriage, seduced and had carnal knowledge of Frances Baker, a female, and that she was under twenty-one years of age at the time, you will find the defendant guilty as charged in the indictment and fix his punishment by confinement in the state penitentiary for not less than one year nor more than five years, in your discretion.

### No. 2

"If you have a reasonable doubt of the defendant having been proven guilty, you should find him not guilty."

Appellant makes no criticism of instruction No. 1, but contends that the court erred in not instructing the jury on the whole law of the case and that the court should have defined the word "seduction." He cites and relies on Berry v. Commonwealth, 149 Ky. 398, 149 S. W. 824, and Catron v. Commonwealth, 268 Ky. 536, 105 S. W. 2d 618. However, in both of these cases the chastity of the prosecutrix was in issue. Where there is no evidence impeaching the chastity of the prosecuting witness, neither the question of chastity nor the definition of seduction need be submitted. As was said in the case of Fogle v. Commonwealth, 210 Ky. 745, 276 S. W. 814, quoting from the earlier case of Bush v. Commonwealth, 205 Ky. 14, 265 S. W. 468:

" 'An instruction couched in the language of the indictment which follows the statute sufficiently defines seduction unless the question of chastity is at issue on the evidence, when it must be defined so as to include and present this element of the offense for consideration by the jury.'

"It would therefore appear that neither the question as to the chastity of the prosecutrix nor a definition of seduction is necessary where there is no testimony impeaching her chastity."

To the same effect are the cases of Bingham v. Commonwealth, 242 Ky. 676, 47 S. W. 2d 522; Byrley v. Commonwealth, 264 Ky. 403, 94 S. W. 2d 1008, and Scalf v. Commonwealth, 262 Ky. 469, 90 S. W. 2d 729. Since the chastity of the prosecuting witness in the case at bar was not brought into question and there was no substantial evidence reflecting upon her chastity, we conclude that the instructions as given by the court were proper and it was not necessary to define seduction as contended by appellant.

## The Verdict

■ Appellant contends that the judgment should be reversed because the verdict of the jury is flagrantly against the evidence. About this little need be said. The proof is not voluminous, the only witnesses for the prosecution being the prosecutrix, her mother and a neighbor; the only witnesses for the defense being the defendant and his mother.

Frances Baker, the prosecuting witness, testified in substance that she was 17 years of age; that she and Taulbee Nunley had been going together as sweethearts for about two years; that they had been going together about a year and a half before he had had carnal knowledge of her, which was in December 1945; that he promised to marry her if she would have sexual intercourse with him; that after she became pregnant they went to Pikeville to have blood tests made preliminary to marriage but that he refused to go on with the marriage because he was too young and his mother would not give her consent; that she had no other sweetheart and went out with no others but went out with the defendant almost every night; that she still loved defendant and was willing to marry him. To contradict her evidence that he promised to marry her if she would have sexual intercourse with him and to effect her credibility, her testimony before the Grand Jury was introduced. In that instance she had testified that he got her pregnant when she was fifteen and had promised her that if she got in trouble, he would get her out.

Effie Baker, mother of the prosecutrix, testified in substance that her daughter and defendant had gone together for about two years; that she had never had any other sweetheart or gone with any other man; that after she found her daughter was pregnant she tried to get defendant to marry her but he said he was not old enough and would not do it.

Mrs. John Puckett, a neighbor living across the street from the Baker family, testified in substance that Taulbee Nunley had been going out with Frances almost every night for about two years; that she had never seen her going out with any other boy and that she had no other sweetheart but Taulbee.

For the defense, Taulbee Nunley testified in substance that he was 18 years of age; that he had gone with Frances Baker for about two years and they were sweethearts. He admitted he began to have sexual intercourse with her after about a year and went out with her nearly every night, but denied anything was said about getting married until she became pregnant; that when she informed him of this they went to Pikeville to get blood tests, then to the clerk's office to get a marriage license, but found they could not get one because they were too young and that that was the reason he didn't marry her; that he had had intercourse with her for a year before he told her he would marry her; that he didn't have to say anything to her about sexual intercourse—"She throwed it up to me and I took it." Admitted on cross examination that he was not willing to marry her now.

Mrs. Nunley, mother of defendant, testified that her son was 18 years of age; that she knew he was going with the Baker girl; that he informed her of the girl's pregnancy but that she told him he was too young to marry and did not want him to marry the girl unless he was in love with her.

There was some inadmissible evidence woven through the testimony by both sides concerning the pregnancy and birth of the child. We held in Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 2d 896, 1 A. L. R. 617, that this character of evidence is prejudicial but since the record does not show any objections made to such testimony, its incompetency was waived.

This is the substance of the testimony so far as is material to the case although there were other side lights from which implications could be drawn. As in most cases of this character, it is her testimony that the seduction was accomplished under promise of marriage, against his testimony that it was accomplished without any such promise. We have held that a conviction for this offense can be had on the testimony of the prosecutrix alone. Peyton v. Commonwealth, 288 Ky. 601, 157 S. W. 2d 106, and cases therein cited.

The jury being the judge of the credibility of the witnesses and the weight to be given their testimony, we cannot say that the evidence is not sufficient to sustain a verdict. Certainly the verdict is not flagrantly against the evidence. The questions of fact were submitted to a properly instructed jury and they had the right to believe one set of witnesses rather than the other. Therefore, we are not authorized to set it aside.

After careful consideration of the whole case, we are of the opinion that the defendant had a fair trial; that there were no reversible errors of law in the trial of the case and that the judgment of the court based upon the verdict of the jury should be and it is affirmed.

Judgment affirmed.