## Blackburn v. Commonwealth.

November 22, 1949.

Rehearing denied January 27, 1950.

E. J. Picklesimer for appellant.

Walter C. Herdman, Assistant Attorney General, and A. E. Funk, Attorney General, for appellee.

Van Sant, Commissioner—Affirming.

Appellant was convicted of seducing under promise of marriage Tishie Mae Bishop, a female under 17 years of age. He was sentenced to serve one year in the State Reformatory.

He seeks reversal on the following grounds: "(1) That the indictment was erroneous for failure to specifically allege that the crime had been committed within four years prior to the finding of the indictment; (2) that the indictment was bad because of duplicity; (3) it was incompetent to exhibit the child to prove parentage at a trial for seduction; (4) the Commonwealth failed to prove that the prosecuting witness was unmarried at the time of the alleged seduction; and, (5) the lower court's instructions failed to give the whole law of the case." We will not burden the opinion by relating all the facts which appear in evidence, but will confine ourselves to a relation of those necessary to a decision of the questions raised.

KRS 436.010 provides that all prosecutions for seduction shall be instituted within four years after the commission of the offense. In respect to the element of time the indictment reads: "The said defendant, Ed-

ward Ray Blackburn, in the County of Pike, on the 9th day of September, A. D. 1948, and before the finding of this indictment, * * *.''

In Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. 2d 1028, 1029, the indictment in respect to time averred: ''On the———day of ——— A. D. 192—, and before the finding of this indictment, did * * *.'' In reversing the judgment because of the deficiency of the indictment the court said: ''It is the established rule that, where a prosecution may be barred by lapse of time, the indictment must allege that the offense was committed within the time limited, or within a period short of that time, or *the date of the offense must be stated within that time.*'' (Our emphasis.)

It will be noted, in that case, no date appeared in the indictment nor was there any other averment to show that the crime was committed within the four year period prescribed by KRS 436.010, under which the indictment was drawn. In Baugh v. Commonwealth, 241 Ky. 195, 43 S. W. 2d 671, an indictment which alleged that the crime was committed within twelve (12) months before its finding was held sufficient. The Court said in substance that it was competent for the Commonwealth to prove the commission of the offense upon any date within the period of limitation prescribed by the statute, if the indictment alleged specifically or in substance that the crime occurred within the period or short of the period of limitation. So much for the background of the case specifically in point; to wit, Commonwealth v. Dickerson, 258 Ky. 446, 80 S. W. 2d 540 therein the wording of the indictment with the exception of date and transposition of words was identical with the indictment in this case. In that case, the date named was the day on which the indictment was returned. In our case, the date named was the day immediately preceding that on which the indictment was returned. In holding the indictment to be sufficient in the Dickerson case, the court said: ''* * * although it is necessary for an indictment charging seduction to allege that the offense was committed within four years before the finding of the indictment, or to fix the date of the offense within that time, an indictment that alleges that the offense was committed on the day the indictment was returned is sufficient.'' Undoubtedly, this

reasoning is sound and disposes of the first ground for reversal.

We pass to the second ground; viz., that the indictment is faulty because of duplicity. The body of the indictment reads:

"The Grand Jury of Pike County, in the name and by the authority of the Commonwealth of Kentucky, accuse Ray Edward Blackburn of the crime of Seduction under the promise of marriage, and having carnal knowledge of a female under seventeen years of age committed in manner and form as follows to-wit:

"The said defendant, Edward Ray Blackburn in the county of Pike, on the 9th day of September, A. D. 1948, and before the finding of this indictment, did unlawfully, willfully, feloniously, and under the promise of marriage, seduce and did have carnal knowledge of Tishie Mae Bishop, a female under seventeen years of age, and the Edward Ray Blackburn not being the husband of the said Tishie Mae Bishop, Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

It seems to be the contention of appellant that the indictment charges the offense of seduction denounced in KRS 436.010 and that of having carnal knowledge of a female under 18 years of age denounced in KRS 435.100. One may not be guilty of seduction unless the seduced is under 21 years of age; therefore, the charge that appellant committed "the crime of seduction under the promise of marriage" without a further allegation showing the seduced was under 21 years of age does not charge a crime and would be subject to demurrer. It is true that the allegation charging appellant with "having carnal knowledge of a female under seventeen years of age," standing alone, would render the indictment sufficient to charge appellant with the crime of having carnal knowledge of a female under 18 years of age; but we are of the opinion that the last quoted words, coupled with a charge of seduction, merely supply the allegation in respect to age which otherwise would be lacking in the charge of seduction. But aside from that, it is apparent from the descriptive part of the indictment that it was the intention of the grand

780

jury to, and it did, only charge the one offense; viz., that denounced in KRS 436.010.

The complaint in respect to the exhibition to the jury of the child alleged to have been begotten by appel-· lant cannot be entertained because no objection to this conduct of the Commonwealth was made during the trial; therefore, it was waived. Sawyer v. Commonwealth, 267 Ky. 388, 102 S. W. 2d 371.

The next ground for reversal has been decided by this Court adversely to the contention of appellant. Peyton v. Commonwealth, 288 Ky. 601, 157 S. W. 2d 106. Therein it was held that it is unnecessary for the Commonwealth, in presenting its case, to prove that the person seduced was not married at the time of the commission of the crime. In other words, the fact of marriage is one to be presented in defense.

The final contention that the court failed to give the whole law of the case is based on the fact that the first instruction failed to charge the jury that it was necessary for the offense to have been committed within four years next before the finding of the indictment. In certain instances, such a charge would be essential in the instructions, but where no issue is made in respect to the time the offense was committed, we deem it unnecessary and superfluous to incorporate the element of time in the instructions. Appellant admitted having had carnal knowledge of the prosecuting witness, but denied that she submitted to him under promise of marriage. He fixed the time that he had intercourse with her at a date later than that fixed by her in her testimony, both dates being within the seven month period preceding the finding of the indictment. Thus the only question for the jury to determine was whether the prosecuting witness submitted to appellant under promise of marriage, and this issue was covered fully by the instructions. Indeed, the instructions follow the form found in Stanley's Instructions to Juries, Section 969, page 1286, however, if the element of time should become an issue in a case, or if the defendant should testify that he did not, at any time, have carnal knowledge of the person named in the indictment, the instructions should follow the form set out in Stanley on Instructions, Section 968, page 1285, which would require the

jury to find that the offense was committed within four years next before the finding of the indictment.

The judgment is affirmed.