## CHAPMAN v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 18, 1951.

Henry L. Rudd, Mt. Sterling, for appellant.

Guy L. Dickinson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Hettie Chapman was convicted in the Clark Circuit Court of the offense of obtaining money from another by false pretenses with intent to defraud, KRS 434.050, and was sentenced to three years in the penitentiary. On appeal she contends: (1) That the trial court erred in overruling her motion for a continuance, and (2) that the trial court erred in overruling her demurrer to the indictment.

The record does not disclose any written motion for a continuance, and there is no mention in the bill of exceptions of any motion for a continuance, oral or written. The judgment recites that upon the call of the case for trial the defendant "answered ready for trial, * * * waived a formal arraignment and entered a plea of not guilty." In the absence of anything in the record or the bill of exceptions to show that a proper motion for continuance was made, this court cannot consider the alleged error of the lower court in failing to grant a continuance. Smith v. Com., 278 Ky. 384, 385, 128 S.W.2d 590.

■■ Concerning the sufficiency of the indictment, the appellant first claims the indictment should have alleged that the offense was committed within 12 months before the finding of the indictment. The prosecution in this case was for a felony, and since there is no general statute of limitations for felony prosecutions, it is not required, in the absence of a special statute, that a felony indictment allege that the offense was committed within 12 months prior to the finding of the indictment. Garrison v. Com., 243 Ky. 253, 47 S.W.2d 1028; Com. v. Dickerson, 258 Ky. 446, 80 S.W.2d 540.

■ Further attacking the indictment, the appellant cites Com. v. Sanders, 98 Ky. 12, 32 S.W. 129, 130, as authority for the rule than an indictment for the offense in question "must * * * negative by special averment the matter as to which the alleged false pretense or statement was made." Conceding that this is the rule, the indictment in the instant case does not offend the rule, because it specifically alleges that the representations made by the defendant were false and fraudulent and were known by the defendant to be false and fraudulent. The indictment alleges that the defendant unlawfully, willfully and feloniously, with intent to defraud, sold and delivered to one Tracy Woods two hams and received therefor money in the amount of $29.50, stating and representing to Tracy Woods that the defendant was the owner of the hams and had the right to sell them when in truth and in fact as the defendant then knew, the defendant did not own the hams and did not have a right to sell them because the hams had been stolen; that the statement and representations were false and fraudulent and were known by the defendant to be false and fraudulent when made, and that Woods relied on the truth of the statement and representations and would not have purchased the hams and delivered the money had he known the statement and representations to be false and fraudulent.

■ We are of the opinion that the indictment alleged the necessary elements of the offense, and adequately advised the defendant of the offense with which she was charged. It was not necessary for the indictment to allege that the person to whom the false pretense was made sustained any ultimate loss as a result of the transaction he was induced to enter. Com. v. Ferguson, 135 Ky. 32, 121 S.W. 967, 24 L.R.A., N.S., 1101; Com. v. Lacey, 158 Ky. 584, 165 S.W. 971.

The judgment is affirmed.